**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Willie Cruso FREE, Defendant-Appellant.**

**No. 77–5172.**

United States Court of Appeals, Fifth Circuit.

June 12, 1978.

---

Charles M. Bleil and James Davis, Texarkana, Tex. (court-appointed), for defendant-appellant.

John H. Hannah, Jr., U. S. Atty., Otis W. Carroll, Jr., Asst. U. S. Atty., Tyler, Tex., for plaintiff-appellee.

Before THORNBERRY, RONEY, and HILL, Circuit Judges.

JAMES C. HILL, Circuit Judge:

The facts in the case on appeal reveal a grim picture of life in a federal prison. Under the "watchful" eye of the prison administration, the defendant, a prisoner in a federal correctional institution, threatened fellow prisoners with death and injury unless they engaged in homosexual relations with him. The evidence showed that at least two prisoners succumbed to the defendant. This case, however, involves the defendant's killing of a prisoner who refused to succumb. The defendant was convicted of second degree murder pursuant to 18 U.S.C. § 1111. On this appeal, we find the defendant's allegations of error to be meritless, and we affirm his conviction.

Pursuant to 18 U.S.C. § 1111, malice aforethought is an essential element of second degree murder. To prove that the defendant had acted with malice aforethought when he killed the victim in the case on appeal, the Government introduced evidence to establish the defendant's homosexuality and his intimidation of other prisoners with whom he desired to have homosexual relations. This evidence consisted of some letters the defendant had received from a homosexual lover incarcerated in another prison, the testimony of a prisoner whom the defendant had coerced into engaging in homosexual relations with him, and testimony concerning the defendant's homosexual relationship with another prisoner. The defendant argues on this appeal that this evidence was inadmissible because it was introduced solely to prove the defendant to be a "bad person." Specifically,

the defendant objects that the challenged evidence solely concerned unrelated extraneous offenses and that the evidence was irrelevant or, in the alternative, was so prejudicial as to outweigh any probative value it might have.

■ After carefully reviewing the record, this court is convinced that the disputed evidence was necessary to establish the defendant's motive and intent and that the probative value of the evidence outweighed any unfair prejudice it might have created. *See* Fed.R.Evid. 403, 404(b). *See also United States v. Arteaga-Limones,* 529 F.2d 1183, 1190 (5th Cir. 1976); *United States v. Beaver,* 524 F.2d 963, 966 (5th Cir. 1975); *United States v. Crockett,* 514 F.2d 64, 71–72 (5th Cir. 1975); *United States v. Cochran,* 499 F.2d 380, 387–88 (5th Cir. 1974). Neither side read any of the letters to the jury, and the jury did not request the letters when it retired to deliberate. The only testimony concerning their contents was that they had been signed "Mrs. Willie Free." This evidence was adduced in the course of demonstrating that the defendant was so aggressive in recruiting homosexual partners that he could possess the requisite intent to murder a prisoner who refused to submit. Similarly, the testimony concerning the defendant's relations with the other two prisoners was necessary to show that he could instill such fear in other prisoners that they would engage in homosexual relations with him. Granted, this case would have been "cleaner" and "nicer" for us all if the defendant had not been motivated by forces that evidence such depravity on his part. The evidence shows, however, that the defendant's murder was motivated by the victim's unwillingness to engage in homosexual relations with the defendant. In carrying its burden of proof, the Government could not change the truth of the defendant's motivation.

The record shows that the Government introduced the controverted evidence in a restrained and professional manner. Additionally, the prosecutor specifically told the jury in his opening statement, "We're not trying anyone for being vulgar, we're not trying anyone for being a homosexual . . . . [The defendant] stands accused by the Grand Jury of murder . . . and that . . . is what the Government will prove to you beyond a reasonable doubt." [1] In his closing argument, the prosecutor again stated that the defendant was "not on trial for being a homosexual . . . ." [2] Therefore, this case is one in which the necessary and material evidence of an essential element of the crime—intent—unfortunately has a bad incidental connotation. The defendant's depraved mental attitude, however, is of his own making. The Government did not err in presenting this evidence.

■ The defendant next argues on appeal that the district court erred in denying his motion for acquittal. The defendant alleges that there was insufficient evidence of malice aforethought to support a conviction for second degree murder. This court must affirm the district court's denial of the motion if, "viewing the evidence presented most favorable to the Government, a reasonable-minded jury could accept the relevant and admissible evidence as adequate and sufficient to support the conclusion of the defendant's guilt beyond a reasonable doubt." *Sanders v. United States,* 416 F.2d 194, 196 (5th Cir. 1969), *cert. denied,* 397 U.S. 952, 90 S.Ct. 978, 25 L.Ed.2d 135 (1970); *Weaver v. United States,* 374 F.2d 878, 881 (5th Cir. 1967). In the case on appeal, the Government's evidence of the defendant's intent was more than sufficient to satisfy this standard. Therefore, the district court properly denied the defendant's motion for acquittal.

1. R. 25.

2. R. 791. We have reviewed the prosecutor's opening and closing statements in light of Justice Stevens' dissent in *Lakeside v. Oregon,* —— U.S. ——, ——, 98 S.Ct. 1091, 55 L.Ed.2d 319 (1978). In that dissent, Justice Stevens discussed the prejudice that can be created when the judge or prosecutor expressly mentions to the jury that which the jury is not to consider. No such prejudice was created in the case on appeal.

■ Finally, the defendant argues that he was denied a fair trial because the indictment allegedly is multiplicitous.[3] Count one of the indictment charges the defendant with second degree murder pursuant to 18 U.S.C. § 1111. Count two charges the defendant with violating 18 U.S.C. § 1792, which prohibits conveyance from place to place in a federal correctional institution any weapon designed to kill, injure, or disable any officer, agent, employee, or inmate of the institution. We find the defendant's contention of error to be meritless. In *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the Supreme Court stated the test for determining whether two offenses are sufficiently distinguishable to impose cumulative punishment. The Court stated, "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." 284 U.S. at 304, 52 S.Ct. at 182. Both murder, pursuant to 18 U.S.C. § 1111, and conveyance of a weapon, pursuant to 18 U.S.C. § 1792, require proof of facts not required by the other. Therefore, the indictment charged the defendant with two separate offenses.

■ The defendant was not prejudiced as a result of being tried on both counts, though the district court dismissed count two of the indictment at the time of sentencing. The record shows that the jury was fully informed that the defendant had engaged in only one criminal transaction but that the defendant's actions during the course of this transaction subjected him to prosecution pursuant to two separate statutes. Therefore, the defendant's final contention of error is meritless. *See United States v. Hearod,* 499 F.2d 1003, 1005 (5th Cir. 1974).

AFFIRMED.

---

**3.** "Multiplicity" is the charging of a single offense in more than one count. *Gerberding v. United States,* 471 F.2d 55, 58 (8th Cir. 1973); 1 C. Wright, Federal Practice and Procedure, § 142, at 306 (1969).