UNITED STATES of America, Appellee,

v.

Eileen Eldorado JOHNSON, Appellant.

No. 79–5272.

United States Court of Appeals,
Fourth Circuit.

Argued Aug. 19, 1980.
Decided Nov. 12, 1980.

S. W. Tucker, Richmond, Va. (Hill, Tucker & Marsh, Richmond, Va., J. Hugo Madison, Norfolk, Va., on brief), for appellant.

John S. Edwards, U. S. Atty., Roanoke, Va. (Faye S. Ehrenstamm, Asst. U. S. Atty., Roanoke, Va., on brief), for appellee.

Before RUSSELL, WIDENER and PHILLIPS, Circuit Judges.

JAMES DICKSON PHILLIPS, Circuit Judge:

Convicted by a jury of federal income tax evasion under 26 U.S.C.A. § 7201, Eileen Eldorado Johnson unsuccessfully moved in the district court for a new trial, on the grounds that evidence of her overstated Medicaid billings was improperly admitted and that government counsel's reference to her "fraudulent" Medicaid forms unduly prejudiced the jury. We affirm, holding that the extrinsic acts evidence was properly admitted under Fed.R.Evid. 404(b) and that no prejudice resulted from the "fraudulent" reference in view of the trial court's corrective action.

I

Johnson is a medical doctor, who inherited her practice from her deceased brother. She filed tax returns for 1972, 1973, and 1974, which understated her income by approximately $120,000.00 and her tax liability by approximately $31,000.00. Her defense at trial was inadvertence: she had had nothing to do with preparing her tax returns because she cared nothing for money and chose, instead, to devote her time to the demanding personal needs of her patients. To support this defense she produced seven local witnesses—three physicians, a school board member, a public school teacher, a mortician, and a minister—who testified to her truthfulness, honesty, and compassion, and to the busy nature of her practice.

In attempted rebuttal of this portrait of Johnson as an altruistic healer of the sick, whose concerns lay elsewhere than attending to her financial interests and resulting legal responsibilities, the government called Robert Pemberton, an auditor for the U.S. Department of Health, Education & Welfare. Pemberton testified at length about his investigation of Johnson's billings for Medicaid services for 1976–78. His study showed that Johnson reported four times as many services per patient as other Virginia

doctors. Johnson did not object to the general course of Pemberton's testimony. In fact, the following day Johnson again took the stand in order to testify that she had not signed the Medicaid billings upon which Pemberton had based his investigation. During cross–examination, government counsel asked Johnson, "Who would have received the benefit of all the fraudulent forms for Medicaid that were filed?" Johnson's counsel objected and moved for a mistrial because use of the term, "fraudulent," unduly prejudiced the jury. The trial judge overruled the motion, directed government counsel to rephrase the question, and gave the jury a cautionary instruction.

## II

■ We hold that Pemberton's testimony was admissible under Fed.R.Evid. 404(b), which provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

■ The first sentence of Rule 404(b) brings forward the traditional rule that extrinsic acts evidence is inadmissible solely to prove that defendant is a bad character and, therefore, likely to have committed the crime charged. *See, e.g., Michelson v. United States*, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948); *United States v. Woods*, 484 F.2d 127 (4th Cir. 1973); *Lovely v. United States*, 169 F.2d 386 (4th Cir. 1948); Advisory Committee Notes to Fed.R.Evid. 404(b); McCormick, *Evidence* § 190, at 447 (2d ed. 1972). Extrinsic acts evidence, however, may be admissible for other purposes including those listed in Rule 404(b). The Rule's list is merely illustrative, not exclusive. Wright & Graham, *Federal Practice and Procedure: Evidence* § 5240, at 469 (1978).

■ Rule 404(b) of course commits to trial judge discretion the determination whether extrinsic act evidence shall be admitted under its second sentence. In exercising that discretion the judge first must determine if the proffered evidence is relevant to an issue other than the accused's character. If so, then the trial judge must balance the evidence's probative value against the dangers of undue prejudice aroused by this form of evidence. This may concededly pose particularly difficult problems. The Advisory Committee Notes to Rule 404(b) state:

> No mechanical solution is offered. The determination must be made whether the danger of undue prejudice outweighs the probative value of the availability of other means of proof and other factors appropriate for making decisions of this kind under Rule 403 [confusion of issues, misleading the jury, undue delay, waste of time, and needless presentation of cumulative evidence].

■ Within this general guideline for the exercise of trial court discretion, we think the evidence here challenged was properly admitted. The general prohibition contained in the first sentence of Rule 404(b) is designed to prevent prosecutorial overreaching by a means whose obvious effectiveness has made it an inescapable temptation for advocates over the years. The second sentence, however, reflects the perception that evidence of "other acts" may sometimes be critical to proof on a dispositive issue related to a defendant's state of mind. The ambivalence reflected in the Rule but serves to emphasize the particular delicacy of the discretionary rulings its administration may require. There is no gainsaying that the ruling here posed just such a problem for the trial judge, but we think he properly resolved it.

■ Particularly where, as here, a defendant in a criminal case by her own testimony and that of others has deliberately sought as the primary means of defense to depict herself as one whose essential philosophy and habitual conduct in life is completely at odds with the possession of a state of mind requisite to guilt of the offense charged, that defendant may be considered in effect to have forfeited any pro-

tection that the first sentence of the Rule might otherwise have provided against the type of "other act" evidence here challenged. *See Walder v. United States*, 347 U.S. 62, 74 S.Ct. 354, 98 L.Ed. 503 (1954). In such circumstances, testimony such as that of Pemberton may well be the only effective way to rebut evidence designed generally to plant in the jury's mind a reasonable doubt that such a person could have possessed the culpability of mind requisite to convict of the crime charged. Balancing the probative value of the challenged evidence against its potential for unfairly prejudicing the defendant, and on the latter point taking into account that the defendant deliberately chose to base her defense upon evidence not otherwise effectively rebuttable, we conclude that the district judge's admission of Pemberton's evidence lay well within the bounds of the discretion reposed in him.

### III

We think that government counsel's unfortunate reference to "fraudulent" Medicaid forms was sufficiently corrected by the trial judge's cautionary actions so that the risk of prejudice was adequately removed.

Finding no merit in the defendant's other contentions, we affirm.

*AFFIRMED.*

WIDENER, Circuit Judge, dissenting:

I respectfully dissent and would grant a new trial.

Assuming that the evidence of other acts is admissible for one purpose or another, and I think, after *United States v. Woods*, 484 F.2d 127 (4th Cir. 1973), even taking into consideration the later advent of the new rules, the admissibility of such evidence is pretty well entrusted in this circuit to the almost uncontrolled discretion of the trial judge, Pemberton's most damning testimony is not considered by the majority in its opinion.

Pemberton testified that Dr. Johnson had billed for specific services not rendered, and he ascertained that fact by asking the patients involved. Thus, the false billing he concluded Dr. Johnson had done was proved by statements other than those made by the declarant while testifying at a trial or hearing and offered in evidence to prove the truth of the matter asserted. This is hearsay pure and simple under FRE 801(c) and inadmissible under FRE 802, for it is not subject to any exception as to which I am advised.

An example follows:
"THE COURT:
Q. And then you checked with some of the patients?
A. Yes, sir.
Q. And found out that the services were not rendered?
A. In talking with the recipients, they stated that they had not received certain services which were billed by Dr. Johnson."

Specific instances of conduct, whether offered to rebut a defense to the merits, as the majority treats it, or whether offered to rebut a defense of good character, I think may no more be proved by hearsay than any other essential fact in the case.

The testimony I have quoted is only a part of that introduced; other evidence is equally as inadmissible. It may only be considered highly prejudicial, and its admission should warrant a new trial.