**UNITED STATES**

v.

**Airman First Class Christopher M. WOODYARD, Jr., FR 556–35–2737, United States Air Force.**

**ACM S25814.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 8 Sept. 1982.

Decided 15 July 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Richard A. Morgan.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Captain Brenda J. Hollis.

Before KASTL, RAICHLE, and SNYDER, Appellate Military Judges.

## DECISION

SNYDER, Judge:

Contrary to his pleas, the accused was convicted by special court-martial of housebreaking, and assault with intent to commit sodomy, in violation of Articles 130, and 134, U.C.M.J., 10 U.S.C. §§ 930, and 934. His sentence extends to a bad conduct discharge, confinement at hard labor for two and one-half months, forfeiture of $338.00 per month for two months, and reduction to airman basic. He has submitted eight assignments of error for our consideration. We affirm.

### I

In his first assignment of error, the accused alleges that the trial counsel knowingly failed to disclose evidence favorable to the defense and exploited the nondisclosure. The affected offense was disapproved by the convening authority. We are convinced that Airman M's testimony did not prejudice the accused on the remaining charges and specifications, and that no further relief is required.[1]

---

1. The accused was charged with committing a battery on his roommate, Airman M, by rubbing Airman M's buttocks with his, the accused's, hand. The claimed error arose from a pretrial interview by trial counsel. During the interview, Airman M's First Sergeant related to trial counsel that Airman M said that the accused did not really touch him. Trial counsel apparently did not disclose that information to defense counsel. Being evidence of a prior inconsistent statement, it could be viewed as evidence favorable to the accused on the issue of credibility. Assumedly, defense counsel's reason for not interviewing him was the fact he was not listed as a witness on the charge sheet. This issue did not arise until after trial. To cure any possible prejudice, the convening authority disapproved the findings of guilty of the assault and battery, the only offense to which Airman M testified.

## II

A brief presentation of the facts will place the next issue in perspective. On 29 April 1982, Sergeant P was performing temporary duty at Travis Air Force Base, California, and billeted at the transient airmen quarters (TAQ), room G–2. At approximately 2300 hours the accused unlocked the door with a key, entered the room, and asked if it was room G–2, to which Sergeant P replied, "yes." The accused placed his bag on the other bed and departed the room. Approximately 30 minutes later, the accused returned, stated he was being assigned to another room, obtained his bag, and departed.

Sergeant P was awakened at 0500 the next morning by someone pulling at his pants. He could see the accused's face as the accused was leaning over Sergeant P's midsection. The accused had Sergeant P's penis in his hand, his mouth was open, and he was moving down towards Sergeant P's penis. Sergeant P pushed the accused away and the accused ran to the other bed. Approximately 30 minutes later, Sergeant P dressed and went to the billeting office to ascertain who was assigned to his room. He learned that no one else had been assigned to room G–2. Security Police were called and met Sergeant P at the room. He opened the door and the Security Police entered, found the accused asleep in the other bed, awakened him and placed him under apprehension.

The accused was told to "pick up his things," and he was transported to security police headquarters. At headquarters, the accused consensually surrendered eight magazines to the Security Police. The magazines contained pictures of nude men engaged in homosexual acts. The accused was permanently assigned to Travis Air Force Base and resided in one of the barracks thereon.

After evidence establishing the facts above had been introduced, trial counsel, citing Mil.R.Evid. 404b, moved to admit the magazines *as evidence of the accused's intent to commit sodomy.* Defense counsel objected, asserting that the evidence's sole purpose was to depict the accused as a bad person who had a propensity to commit offenses of the type charged, contrary to Rule 404a. In the alternative, trial defense counsel argued that the evidence should be excluded under Rule 403 as unduly prejudicial.[2] The military judge overruled the objections and admitted the magazines for the limited purpose for which they were offered, making the following finding:

> I will admit them solely for that purpose [intent]. I will instruct the jury that they are admitted for the limited purposes of determining whether or not the accused entertained the specific intent to either commit sodomy or to gratify his sexual desires as the case may be, on the 29th of April.

Additionally, the military judge admitted only two of the eight magazines, allowing trial counsel to select which two he desired to submit to the members. During instructions on findings, the military judge gave the following instruction:

> The magazines admitted as Prosecution Exhibits 1 and 3 may be considered by you for the limited purpose of its tendency, if any, to prove that the accused intended to commit the offense of sodomy alleged in Charges I and II. You may not consider this evidence for any other purpose, and you may not conclude from this evidence that the accused is a bad person or has criminal tendencies and that he therefore committed the offense charged.

The accused now contends that the military judge's ruling was error and that the magazines should not have been admitted. We disagree and hold otherwise.

The military judge admitted the magazines under Rule 404b. Rule 404 reads as follows:

---

2. Rule 403 provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the members, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

(a) Character evidence generally. Evidence of a person's character or a trait of a person's character is not admissible for the purpose of proving that the person acted in conformity therewith on a particular occasion. . . .

(b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

■ As we begin our analysis of this matter, we find Rule 404a inapplicable because a trait of character of the accused is not in issue. Whatever homosexuality or bisexuality may be, they are not traits of character; specifically, there is no scientific evidence that a homosexual or a bisexual is, *ipso facto*, a dishonest person or a criminal.[3]

■ Likewise, possession of homosexual literature is not a crime. *United States v. Van Hoose*, 11 M.J. 878 (A.F.C.M.R.), *pet. denied* 12 M.J. 301 (C.M.A.1981). However, the absence of criminality does not preclude the applicability of Rule 404b, for that rule also encompasses "wrongs or acts." Thus, although not criminal *per se*, any extrinsic activity which tends to reflect adversely on an accused is within Rule 404b. *United States v. Kloock*, 652 F.2d 492 (5th Cir. 1981); *United States v. Beechum*, 582 F.2d 898 (5th Cir.) (*En Banc*), n. 1 and 17, *cert. denied*, 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1978).

■ To be . admissible under Rule 404b, evidence of other crimes, wrongs, or acts must be relevant to an issue other than character. *United States v. Beechum, supra.* Determining relevancy and probative value is within the broad discretion of the military judge; significantly for this particular type case, the military judge's ruling will not be disturbed except for an *abuse of discretion*. *United States v. Borland*, 12 M.J. 855 (A.F.C.M.R.1982). Relevancy of other wrongs or acts is determined primarily by linking the accused with the acts in question. The probative value of other acts is determined by their similarity to the offense charged.

■ To be admissible on the issue of intent, evidence of other wrongs or acts need only be similar[4] to the offense charged and not too remote therefrom. *United States v. Goodwin*, 492 F.2d 1141 (5th Cir.1974). There is support for the principle that the standard of similarity required of other acts submitted to show intent is not as high as that for other purposes, *e.g.*, design or plan. "When the prosecution seeks to prove design or plan by the doing of similar acts, more is required than the mere similarity that may suffice for showing intent." *United States v. Goodwin, supra* at 1153. *See also United States v. Thomas*, 11 M.J. 388 (C.M.A.1981).

The accused, however, urges a somewhat more restrictive test. Relying on *United States v. Dicupe*, 14 M.J. 915 (A.F.C.M.R. 1982), he contends that evidence of other acts must be plain, clear, conclusive and connected with the charged offense in point of time, place, and circumstance. Naturally, he concludes that the magazines do not meet either test.[5] We believe the accused's

---

**3.** This is not to say that evidence of homosexuality is necessarily irrelevant or inadmissible for all purposes. As with other evidence, its relevancy will depend on the issues in dispute. *See e.g., United States v. Nuccio*, 373 F.2d 168 (2d Cir.), *cert. denied*, 392 U.S. 930, 88 S.Ct. 2285, 20 L.Ed.2d 1388 (1967), where cross-examination on witness' homosexuality should have been allowed to show bias and motive, although properly excluded merely to discredit character. *See also United States v. Free*, 574 F.2d 1221 (5th Cir.1978).

**4.** The similarity requirement is not applied literally. *See United States v. Beechum*, 582 F.2d 898 (5th Cir.) (*En Banc*), *cert. denied*, 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1978), which contains a thorough analysis of the similarity requirement and how it works with the probative value requirement, *i.e.*, as similarity increases, so does probative value.

**5.** To bolster this argument, the accused, who worked in the psychiatric section of the base hospital, contends that the evidence does not establish he was aware of the magazines' con-

interpretation of *Dicupe* to be too restrictive. To resolve this matter, the predecessor of Rule 404b must be analyzed.

The language cited in *Dicupe* first appeared in *United States v. Janis,* 1 C.M.R. 395 (C.M.A.1976), which interpreted Rule 404b's predecessor, para. 138*g* of the prior Manual for Courts-Martial.

Rule 404b is taken verbatim from its counterpart in the Federal Rules. The language of both is similar to para. 138*g* of the prior M.C.M., which governed the use of what was referred to as uncharged misconduct.[6] That provision was at issue in *Janis.*

In addition to requiring that uncharged misconduct fit within one of the seven exceptions of para. 138*g,* the Court in *Janis* coined three additional requirements: Uncharged misconduct must (a) be plain, clear, and conclusive; (b) be connected with the charged offense in point of time, place, and circumstance, and (c) not be inflammatory.[7] However, recent cases reviewing courts-martial tried under the prior M.C.M. appear

to have tempered the restrictive application *Janis* may have imposed on para. 138*g.*[8]

The Court of Military Appeals has emphasized that the seven examples of para. 138*g* were illustrative rather than exhaustive. *United States v. Thomas, supra; United States v. Stokes,* 12 M.J. 229 (C.M.A. 1982). In answering an argument similar to the accused's that the evidence of uncharged misconduct must be clearly established to be admissible, the Court expressed its doubt of the argument's correctness as follows:

> Even if this were a correct premise, Cullen's testimony about the taking of his wallet was definite enough to be received.

*United States v. Thomas, supra* at 394.

With these cases in mind, we turn to the new rules. There is no indication that Rule 404b simply incorporated para. 138*g.* The rule is clearly taken from the Federal Rules. *What Rule 404b does retain from para. 138g is all prior permissive uses of*

---

tent; or, in the alternative, the evidence does not establish his possession of them at the time of the offense, thereby rendering their possession a "post-offense act." The initial argument is dispelled by the accused's effort to show, via expert psychiatric testimony of his supervisor, that he read homosexual magazines merely to increase his professional knowledge of homosexuality. The psychiatrist opined that the magazines were pornographic and of little scientific value, and that neither he nor any one else suggested that the accused read such literature. Secondly, we are convinced that the accused possessed the magazines at the time of the offense. Thus, a post-offense act is not in issue. However, a post-offense act would not be facially nonprobative. *See United States v. Hill,* 13 M.J. 948 (A.F.C.M.R.1982).

**6.** Para. 138*g* read, in part, as follows:
However, if evidence of other offenses or acts of misconduct of the accused has substantial value as tending to prove something other than a fact to be inferred from the disposition of the accused ... the reason for excluding the evidence is not applicable.
Evidence of uncharged misconduct was admissible when it tended to show: (1) identity of the accused as the perpetrator of the offense charged, (2) a plan or design, (3) knowledge or guilty intent when those matters were in issue, (4) the accused's consciousness of guilt of the offense charged, (5) motive, (6) the absence of

accident, mistake, or entrapment, or (7) to rebut any issue raised by the defense unless its sole purpose was to rebut evidence of the accused's good character.

**7.** After promulgating these additional requirements, the Court upheld the admission of evidence of the circumstances surrounding the death of the accused's oldest child three years earlier. *United States v. Broadway,* 477 F.2d 991 (5th Cir.1973), was not cited in *Janis,* but these three additional requirements were markedly similar to those applied in *Broadway* and the Fifth Circuit under the prior Federal Rules. *United States v. Beechum, supra,* specifically held that *Broadway* did not survive the present Federal Rules and Rule 404b.

**8.** In *United States v. Thomas,* 11 M.J. 388 (C.M. A.1981), the Chief Judge commented that Rule 404b made no substantial change in para. 138*g.* S. Salzburg, L. Schinasi, & D. Schlueter, Military Rules of Evidence Manual, 78, disagree. They cite *United States v. Grunden,* 2 M.J. 116 (C.M.A.1977), for the premise that the military has taken a narrow view of "such evidence," [uncharged misconduct] as opposed to Federal Rule 404b's expansive approach. Although it indicated that uncharged misconduct was not a "favored child," *Grunden* did not restrict the admissibility of uncharged misconduct. It required limiting instructions even though defense counsel specifically waived them.

*other wrongs or acts*[9], *but not necessarily the tests by which they were admitted. See* M.C.M., 1969 (Rev.), A18–61. As with the examples of para. 138*g* and those of Federal Rule 404b, the examples reflected in Mil.R. Evid. 404b are not exhaustive. *United States v. Dicupe, supra.* They all have one common thread: the evidence must be probative on an issue other than character. Therefore, we believe the best interpretation to be this: Decisions applying para. 138 *g* may still be quite instructive, but they should be read in light of the broader applicability of Rule 404b.

■ Applying the test in *Dicupe* in this light means the following: When the military judge determined that the members *could* find from the evidence before them that the accused possessed pornographic homosexual magazines at the time and place in question, then the "other similar act" was sufficiently linked with the accused. *United States v. Beechum, supra.* A ruling that the act in question is similar to the charged offense and probative on an issue other than character satisfies the criterion of Rule 401.[10]

To further support the claim that the magazines lacked probity, appellate defense counsel contend that the similarity is too weak. The following examples are submitted:

a. Admitting the magazines means that evidence establishing an accused possessed Playboy magazines would be admissible to prove an intent to rape.

b. Possession of Car and Driver magazine would be probative to prove auto theft.

c. Possession of Veterinary magazine would constitute evidence of bestiality, etc.

These arguments may contain some merit when considered in a vacuum. However, that is not the situation which we address. We are not addressing the possession of reading materials at a *situs* away from the scene of the offense.[11] In the case *sub judice* the Government had established that the accused had entered a room in which he did not reside, grabbed the victim's penis, and had his mouth open when the victim awoke and discovered him. The magazines were *in the accused's possession while he was perpetrating the act charged.* Since intent is provable by the circumstances surrounding the offense, the possession of the magazines at the scene of the offense was quite probative.

In the case *sub judice,* the military judge's ruling that the magazines were relevant on the issue of intent necessarily contained the determinations above, and that they would aid the court in its fact finding function. Given the offense with which the accused was charged, and the facts before the court, the military judge did not abuse his discretion in so ruling. *United States v. Walker,* 12 M.J. 983 (A.F.C.M.R.1982); *United States v. Hood,* 12 M.J. 890 (A.C.M. R.1982); *cf. United States v. Helton,* 10 M.J. 820 (A.F.C.M.R.1980) (military judge did not abuse discretion in excluding results of polygraph examination on basis they would confuse and distract court more than they would aid court's fact finding function).

We hold that the magazines were properly ruled to be probative on the issue of

---

**9.** Chief Judge Everett's comments in *United States v. Stokes,* 12 M.J. 229 (C.M.A.1982), n. 7, indicate that it is this similarity to which he was speaking in *United States v. Thomas, supra. See* n. 8, *supra.*

**10.** Rule 401 defines relevant evidence as:

. . . [E]vidence having *any tendency* to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. (emphasis added)

"Any tendency" certainly does not establish a high threshold.

**11.** Depending on the circumstances of the offense, possession of similar evidence at a location other than the scene of the offense, *i.e.,* the suspect's home, would not automatically render such magazines inadmissible. If the offense was committed in a particular deviant manner, and the magazines contained materials on that particular deviation, they could be deemed probative. However, discovery at another location is not the issue before us.

intent.[12] At this point, the only qualification on admissibility is the military judge's determination that the probative value of the evidence is not outweighed by any undue prejudice. *United States v. Thomas, supra; United States v. Dicupe, supra.*

## III

■ Remaining is the issue of undue prejudice, for otherwise admissible evidence may be excluded if its probative value is deemed to be outweighed by the danger of undue prejudice. Mil.R.Evid. 403. The balancing of these factors is within the sound and broad discretion of the military judge, and the military judge's determination will not be overturned unless that discretion is gravely abused. *United States v. Borland, supra; Cohn v. Papke,* 655 F.2d 191 (9th Cir.1981); *United States v. Beechum, supra.* In weighing the possible prejudice against the evidence's probative value, the balance should be struck in favor of admission. *United States v. Teeter,* 12 M.J. 716 (A.C.M. R.1981).

The accused was charged with the specific intent offense of assault with intent to commit sodomy. His plea of not guilty placed all elements in issue. *United States v. Holman,* 680 F.2d 1340 (11th Cir.1982). Given the facts in evidence at the time of the ruling in question, his possession of homosexual pornographic magazines was probative on his intent and outweighed any possible prejudice. The likelihood of prejudice is less where the other act is not criminal but merely "bad." *United States v. Beechum, supra,* n. 17; *United States v. Kloock, supra.* The fact that possession of the magazines may have portrayed the accused as a homosexual or bisexual does not render them unduly prejudicial. *United States v. Free,* 574 F.2d 1221 (5th Cir.1978). Considering the probativeness of the magazines on the issue of intent, the possible prejudice would have to be substantial to outweigh their probative value.

We do not view the magazines as inflammatory. Additionally, from our review of the record, we do not discern any indication that the members convicted the accused on the basis of emotion. In fact, the findings reflect a rational weighing of the evidence and the permissible inferences drawable therefrom. Specifically, the accused was charged, in part, with burglary with intent to commit sodomy, but was convicted of housebreaking with intent to commit an assault and battery. Had the magazines inflamed the members, it is reasonable to infer that the accused would have been convicted of that offense as charged.

Accordingly, we hold that, under the facts of this case, the military judge did not abuse his discretion in ruling that the probative value of the magazines outweighed any risk of prejudice. Additionally, their use was properly limited by the military judge's instructions.

Having ruled that the magazines were properly before the court, it necessarily follows that the accused's contention that the trial counsel used improper argument during findings is without merit. When read in context, trial counsel's comments were within the purpose for which the magazines were admitted.

## IV

■ The accused also contends that the trial counsel improperly interjected Air

**12.** *See United States v. Thomas, supra,* for the proposition that acts arising out of the same transaction as the charged offense are not viewed in the same light as other wrongs or acts; specifically, there is no rigid limitation as to the quantum of proof of other acts, and limiting instructions are not required. The Court also used the term "inextricably intertwined." It is unclear whether it was used interchangeably with "arising out of the same transaction." If not, the accused's possession of the magazines was not inextricably intertwined because the charged offense could be related without disclosing the existence of the magazines. Some Federal courts do not view acts arising out of the same transaction as extrinsic (the term used by Federal courts to denote other crimes, wrongs, or acts) to the offense charged. One case seems to indicate that evidence seized from the defendant at the time of arrest is part of the transaction of the charged offense and not extrinsic. *See United States v. Kloock,* 652 F.2d 492 (5th Cir.1981). If this principle were applied to the case *sub judice,* there would be no Rule 404b issue because the magazines were discovered during the accused's processing by the Security Police.

Force policy into the trial during the sentence portion. The issue arose when, during cross-examination, trial counsel asked the witness if he was aware of any Air Force policy on homosexuals. The military judge immediately intervened, instructed the witness not to answer the question, and instructed the members to disregard the question, as he was required to do. *United States v. Grady*, 15 M.J. 275 (C.M.A.1983).

We are convinced that the accused was not prejudiced, for the military judge acted promptly in properly instructing the members to disregard the matter and instructing on the standard by which to determine a sentence. Unlike the situation in *United States v. Myers*, 14 M.J. 527 (A.F.C.M.R. 1982) and *United States v. Grady, supra*, the members in this case were not given the substance of the policy in question. The most they could have surmised is that some sort of policy existed. *United States v. Ward*, 35 C.M.R. 834 (A.F.B.R.1965). The fact that a court member inquired if the only discharges in issue were bad conduct and honorable does not indicate prejudice. It could also be interpreted as reflecting sympathy for the accused. The members were properly instructed on sentencing.

## V

As mentioned above, the military judge allowed only two of eight magazines into evidence. The six not admitted were inadvertently omitted from the record of trial. The accused assigned their omission as error on the ground that it rendered the record nonverbatim. The magazines are now before us *via* a Motion by the Government requesting leave to file an affidavit with documents attached. The accused does not oppose the motion. Therefore, the motion is hereby GRANTED and the assigned error is now moot.

## VI

We have considered the accused's other assignments of error and found them to be without merit. Mil.R.Evid. 412; M.C.M., p. A18–66; *United States v. Young*, 13 U.S.C. M.A. 134, 32 C.M.R. 134 (1962); *See also*

*United States v. Trakowski*, 10 M.J. 792 (A.F.C.M.R.1981); *United States v. Chadwell*, 32 C.M.R. 673 (N.B.R.), *aff'd* 13 U.S.C. M.A. 361, 32 C.M.R. 361 (1962); *United States v. Svoboda*, 12 M.J. 866 (A.F.C.M.R. 1982); *United States v. Kema*, 10 U.S.C. M.A. 272, 27 C.M.R. 346 (1959); *United States v. Herrington*, 33 C.M.R. 814 (A.F.B. R.), *pet. denied* 33 C.M.R. 436 (1963).

We find no error prejudicial to the substantive rights of the accused. The approved findings of guilty and the sentence are

AFFIRMED.

KASTL, Senior Judge, and RAICHLE, Judge, concur.