14 F.3d 597
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Abdul A. AKHIMIE, Defendant-Appellant.
 No. 93-5253.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 19, 1993.
Decided: Dec. 23, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.
 Ira Nikelsberg, for appellant.
 Kenneth E. Melson, U.S. Atty., Sherrill A. LaPrade, Sp. Asst. U.S. Atty., for appellee.
 E.D.Va.
 AFFIRMED.
 Before WILKINSON and WILLIAMS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Abdul A. Akhimie appeals his convictions and sentence for conspiring to distribute heroin in violation of 21 U.S.C.A. Sec. 846 (West Supp.1993) and for possessing with intent to distribute heroin in violation of 21 U.S.C. Sec. 841 (1988).[1] Akhimie raises numerous challenges to the trial proceedings and sentencing. Finding no error, we affirm Akhimie's conviction and sentence.
 
 I.
 
 2
 The evidence at trial demonstrated that Akhimie agreed to participate in a heroin distribution venture with Bobby Smith. As part of an FBI sting operation, Donald Jackson delivered 200 grams of heroin to Smith at Smith and Akhimie's apartment. Smith gave the heroin to Akhimie, who put it under his shirt, got into Smith's car, and transported the heroin to a storage locker.[2]
 
 
 3
 As he neared the locker, an FBI agent approached Akhimie, arrested him, and confiscated the heroin. Pursuant to a warrant, the agent searched the locker and found an additional 77.5 grams of heroin. The evidence also demonstrated that Akhimie brought 400 grams of heroin to Smith on August 12, 1992.
 
 
 4
 After being convicted on all three counts, the district court sentenced Akhimie to eighty-four months of incarceration, and four years of supervised release on Counts One and Two, and to sixty months of incarceration and three years of supervised release for Count Three, running concurrently. The district court also ordered that Akhimie pay a special assessment of $150. Akhimie timely appeals.
 
 II.
 
 5
 Akhimie alleges that the prosecutor engaged in misconduct by making inflammatory and unduly prejudicial remarks during closing argument.[3] The only objection presented at trial was that the argument emphasizing that Akhimie "chose to go to trial and plead not guilty infers that he was lying." We review remarks not objected to for plain error. United States v. Mitchell, --- F.2d ----, No. 92-5506 (4th Cir. Aug. 3, 1993). We have reviewed the disputed comments and find that the comments were proper. See United States v. Harrison, 716 F.2d 1050, 1052 (4th Cir.1983), cert. denied, 466 U.S. 972 (1984). Moreover, even if we discerned any errors, they certainly did not affect Akhimie's substantial rights. United States v. Olano, 61 U.S.L.W. 4421, 4424 (U.S.1993). Accordingly, this claim is meritless.
 
 III.
 
 6
 Akhimie argues that he was prejudiced by cross-examination about his prior use of an alias, his prior use of false credit cards, and his failure to inform a university that he only qualified as an international student. Under Fed.R.Evid. 404(b), evidence of prior bad acts is not admissible if it shows only character; such evidence is admissible to show intent or lack of mistake. United States v. Russell, 971 F.2d 1098, 1106 (4th Cir.1992), cert. denied, 61 U.S.L.W. 3479 (U.S.1993). Because the questioned evidence helped to rebut the claim that Akhimie was an innocent bystander by showing that Akhimie had engaged in deceptive practices, the admission of the testimony was not erroneous. See United States v. Johnson, 634 F.2d 735, 737-38 (4th Cir.1980), cert. denied, 451 U.S. 907 (1981). In addition, the district court instructed the jury on the proper use of such evidence. Finally, even if there was error, it was harmless in this case.
 
 IV.
 
 7
 Akhimie also alleges that the district court erred in denying his motion for a continuance. In reviewing the matter for an abuse of discretion, United States v. Johnson, 732 F.2d 379, 381 (4th Cir.), cert. denied, 469 U.S. 1033 (1984), we find no error. Akhimie requested a continuance to secure the attendance of two witnesses. Although counsel stated who the witnesses were and declared that the testimony, if given, would be relevant, he failed to state what one witness would testify to and he failed to demonstrate that the other witness would likely attend. See United States v. Clinger, 681 F.2d 221, 223 (4th Cir.), cert. denied, 459 U.S. 912 (1982).
 
 V.
 
 8
 Akhimie asserts that his indictment was inadequate because it did not apprise him of the nature of the alleged conspiracy. We find that the indictment contained "the elements of the offense charged, fairly informed defendant of the charge, and enabled the defendant to plead double jeopardy as a defense in a future prosecution for the same offense." United States v. Daniels, 973 F.2d 272, 274 (4th Cir.1992), cert. denied, 61 U.S.L.W. 3499 (U.S.1993). Accordingly, we reject this claim.
 
 VI.
 
 9
 Akhimie claims that the district court made several errors with respect to jury instructions. He contends that a number of the instructions were ambiguous. Given the instructions in this case, we find no reasonable likelihood that the jury misconstrued the instructions. See Boyde v. California, 494 U.S. 370, 380 (1990).
 
 
 10
 Akhimie also argues that the district court erred by failing to instruct the jury on a good faith defense.[4] Akhimie failed to demonstrate that the denial of the instruction seriously impaired his defense or that the given instructions failed to sufficiently cover the defense. Therefore, he was not entitled to an instruction. See United States v. Camejo, 929 F.2d 610, 614 (11th Cir.), cert. denied, 60 U.S.L.W. 3263 (U.S.1991).
 
 VII.
 
 11
 Finally, Akhimie assigns several sentencing errors. Although Akhimie was only indicted for conspiring to possess 77.5 grams and for possessing 200 grams, he was sentenced on the basis of 677.5 grams. The extra 400 grams was heroin that Akhimie had given Smith on August 12, 1992. Such inclusion is appropriate if the government proves by a preponderance of the evidence that the other acts were in furtherance of the conspiracy and reasonably foreseeable. United States Sentencing Commission, Guidelines Manual Sec. 1B1.3(a)(1)(b), (Nov.1992). The district court found that the August 12 incident was relevant conduct under section 1B1.3 and we find no clear error in this determination.
 
 
 12
 Akhimie's claim that the court erred in failing to grant him a two-point reduction for his minor role in the offense is meritless. The district court's findings that Akhimie was not any less culpable than the other conspirator and that Akhimie possessed knowledge and understanding of the scope of the conspiracy was not clearly erroneous. See United States v. Daughtrey, 874 F.2d 213, 217-18 (4th Cir.1989). Akhimie participated in the conspiracy and agreed with the plan to distribute heroin in Alexandria, Virginia. As the district court properly found, "[t]here were a number of trips he made, he had keys to the locker, phony identifications, and what have you...." Under there circumstance, it was not clearly erroneous for the court to find that Akhimie was not entitled to a two-point reduction.
 
 
 13
 Akhimie's numerous allegations of error are meritless. Accordingly, we affirm the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Akhimie was charged in a three-count indictment
 
 
 [2]
 Akhimie had rented the locker under a false name--George Dixon
 
 
 [3]
 Akhimie questions five comments which bolstered the credibility of the prosecution's witness and attacked Akhimie's credibility
 
 
 [4]
 Because there is no evidence in the record demonstrating that Akhimie requested the district court to instruct the jury that his coconspirator's guilty plea could not be used as evidence of his guilt, we refuse to review this assertion of error