UNITED STATES of America, Appellee,

v.

Albert A. GREENWOOD, Appellant.

No. 85–5552.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 7, 1986.

Decided July 8, 1986.

---

Wayne Lustig (Judith M. Cofield, Guy, Cromwell, Betz & Lustig, Virginia Beach, Va., on brief), for appellant.

John M. Campbell (Eric H. Holder, Jr., Dept. of Justice, Criminal Div., Washington, D.C., on brief), for appellee.

Before WIDENER, MURNAGHAN and ERVIN, Circuit Judges.

ERVIN, Circuit Judge:

Albert Greenwood was convicted of two counts of violating 18 U.S.C. § 1001 by submitting false reimbursement vouchers to his employer, the Federal Bureau of Investigation (FBI). Greenwood appeals, alleging selective prosecution, erroneous evidentiary rulings, and improper submission of one count to the jury. Finding no merit in these contentions, we affirm.

## I.

Greenwood was indicted by a federal grand jury for submitting a false lease in connection with five rent reimbursement vouchers, totaling $3500.00. The FBI routinely reimburses agents for rent expenditures due to job-related, premature termination of an apartment lease. Greenwood's vouchers were accompanied by a lease purportedly signed by David Hitman. This lease was fabricated, and Hitman's signature was a forgery. The apartment in question was actually owned by Greenwood's brother.

The second count of the indictment charged Greenwood with overstating a job-related hotel bill by $187.43. Greenwood submitted a receipt stating the regular price of hotel accommodations, not the discount price actually paid by government travelers.

In response to the indictment, Greenwood requested an evidentiary hearing and related discovery or dismissal of the indictment on selective prosecution grounds. In a decision which Greenwood appeals, the district court denied the motion.

The case then went to trial. At trial, evidence of prior bad acts, specifically Greenwood's false statements on bank loan documents and his attempt to induce a colleague to verify a false statement with respect to an FBI-related meal reimbursement, were introduced over Greenwood's objection. Greenwood's cross examination of a key prosecution witness was limited on relevance grounds. Greenwood also appeals these rulings. Finally, Greenwood contends that the rent misstatements were not material, so this count should not have been submitted to the jury.

## II.

In order to prevail on a selective prosecution claim, a defendant must show that enforcement against him "had a discriminatory effect and ... was motivated by a discriminatory purpose." *Wayte v. United States*, 470 U.S. 598, 105 S.Ct. 1524, 1531, 84 L.Ed.2d 547 (1985). The defendant must establish both (1) that he has been "singled out" while others similarly situated have not been prosecuted; and (2) that the decision to prosecute him was "invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to exercise his constitutional rights." *United States v. Berrios*, 501 F.2d 1207, 1211 (2d Cir.1974).

A "nonfrivolous showing" of both elements of the claim is sufficient to support a hearing and related discovery on selective prosecution. *Wayte*, 105 S.Ct. at 1535, 1539–40 (Marshall, J., dissenting). The defendant's allegations must raise at least a legitimate issue of improper governmental conduct. *See United States v. Duncan*, 598 F.2d 839, 869 (4th Cir.), *cert. denied*, 444 U.S. 871, 100 S.Ct. 148, 62 L.Ed.2d 96 (1979). In determining whether a legitimate issue has been raised, the district court may consider the government's explanation for its conduct. *See United States v. Saade*, 652 F.2d 1126, 1136 (1st Cir.1981). Appellate reversal of the district court's finding that a claim is not legitimate and its denial of a hearing and discovery is appropriate only for abuses of discretion. *Id.*

Greenwood's allegations of racially based selective prosecution are insufficient to support an evidentiary hearing or discovery. Greenwood's claim of racial animus and personal vindictiveness on the part of his supervisor was denied by affidavit and has no factual support independent of Greenwood's own statements. Greenwood has offered nothing beyond pure speculation showing discrimination by or improper influence on the independent agency which made the decision to prosecute, the Department of Justice's Public Integrity Section. Moreover, he has failed to point out any relevant facts which discovery might provide.

Greenwood's contention that five similarly situated white agents were not prosecuted is also groundless. Three of the agents were actually black, a fact which undercuts Greenwood's claim of racial discrimination. The FBI has no record that

the fourth alleged incident even occurred. Furthermore, the five cases are not comparable to Greenwood's repeated, deliberate overstatement of expenditures.

On this record, Greenwood has not made even a nonfrivolous showing of selective prosecution. His request for a hearing and related discovery appears to be a "fishing expedition," which this court will not sanction. *See Berrios*, 501 F.2d at 1211. Under the circumstances of this case, the district court's denial of a hearing and related discovery and its dismissal of the claim on its merits were correct.

### III.

■ Greenwood next contends that evidence of two prior bad acts was improperly admitted against him. Under Federal Rule of Evidence 404(b), prior bad acts are admissible to prove, *inter alia*, "intent, ... knowledge ... or absence of mistake or accident." The district court admitted evidence of Greenwood's bank loan misstatements and meal reimbursement cover-up scheme as probative of intent and absence of mistake. Those admissions were not an abuse of discretion.

■ In order to be admissible under Rule 404(b), the prior acts must be relevant to an issue other than character. In this case, Greenwood maintained that the overcharges and misstatements were due to confusion or inadvertence, not fraudulent intent. The existence of prior similar wrongdoings reduces the plausibility of a defense of inadvertence or accident. *See United States v. Hadaway*, 681 F.2d 214, 217 (4th Cir.1982). The attempt to cover up an erroneous FBI meal reimbursement is clearly relevant to the absence of mistake in the closely related context of FBI rent and hotel reimbursements. *See United States v. Miller*, 573 F.2d 388, 393 (7th Cir.1978) (prior false statements to same people in same transaction admissible); *cf. United States v. Percy*, 765 F.2d 1199, 1203–04 (4th Cir.1985) (prior cocaine conspiracy with similar conduct, same participants probative of absence of mistake).

Although the erroneous statements on loan documents are not as obviously relevant, they are related because they dealt with the same property as the rental reimbursements. Furthermore, this court has found misstatements in an unrelated context admissible to prove fraudulent intent when the defendant claims innocent error in the situation before the court. *See United States v. Johnson*, 634 F.2d 735 (4th Cir.1980), *cert. denied*, 451 U.S. 907, 101 S.Ct. 1974, 68 L.Ed.2d 295 (1981) (fraudulent medicaid forms probative of requisite intent for income tax evasion); *see also United States v. Kaufman*, 453 F.2d 306, 311 (2d Cir.1971) (prior tax fraud admissible as probative of intent in falsifying affidavits).

■ The two other components of probativeness under Rule 404(b), reliability and necessity, are also satisfied in this case. *See Hadaway*, 681 F.2d at 218; *United States v. DiZenzo*, 500 F.2d 263, 266 (4th Cir.1974). The reliability of the testimony on these issues is not seriously challenged. Because Greenwood's defense was lack of fraudulent intent, circumstantial evidence undercutting his claims of inadvertence was necessary. *See Hadaway*, 681 F.2d at 218–19; *Johnson*, 634 F.2d at 737–38.

■ Greenwood argues that despite its probative value, evidence of prior acts should have been barred as overly prejudicial. *See United States v. Masters*, 622 F.2d 83, 87 (4th Cir.1980) (last step of Rule 404(b) admissibility is Rule 403 probative-prejudice balancing test). This argument is not compelling. The prejudice which the rule is designed to prevent is jury emotionalism or irrationality. *Id.* Falsified financial statements generally do not cause such unfair inflammatory reactions. *See Miller*, 573 F.2d at 393. Furthermore, the trial court gave a cautionary instruction, which was sufficient to overcome whatever unfair prejudice might have existed. *See Masters*, 622 F.2d at 87. Finally, this court will defer to a trial court's Rule 404(b) balancing unless it is an arbitrary or irrational exercise of discretion. *Id.* at 88. We find

no abuse of discretion in the circumstances of this case.

## IV.

Greenwood also contends that the district court improperly prohibited two avenues of cross-examination of prosecution witness J.S. Carrico that were intended to prove bias. We question whether these inquiries were in fact probative of bias. Even if they were, their exclusion was at most harmless error.

The first line of questioning involved Carrico's misstatement to a grand jury of the date on which Greenwood moved out of the hotel for which he received the overstated reimbursement. Greenwood was charged with falsifying only the rate, not the dates, of his hotel stay. Carrico's recollection of the dates of Greenwood's stay was, therefore, not relevant to any disputed facts. The trial court decided that this evidence could confuse the jury and excluded it as collateral. We find no reversible error in this ruling. *See United States v. Lambert,* 463 F.2d 552, 557 (7th Cir.1972).

 Greenwood now argues that Carrico's erroneous grand jury testimony is evidence of bias against him.[1] Bias, defined as "emotional partiality," *United States v. Robinson,* 530 F.2d 1076, 1079 (D.C.Cir.1976), is not a collateral issue. *United States v. Harvey,* 547 F.2d 720, 772 (2d Cir.1976). The point of a bias inquiry is to expose to the jury the witness's "special motive to lie," *Harvey,* 547 F.2d at 722, by revealing facts such as pecuniary interest in the trial, *see United States v. Gambler,* 662 F.2d 834, 837 (D.C.Cir.1981), personal animosity or favoritism toward the defendant, *see United States v. Abel,* 469 U.S. 45, 105 S.Ct. 465, 83 L.Ed.2d 450 (1984); *Gambler,* 662 F.2d at 837, or the witness's plea agreement with the government. *Delaware v. Van Arsdall,* —— U.S. ——, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986). Once

some inquiry into bias has been permitted, a trial court has discretion to limit the cross-examination on the grounds of, *inter alia,* confusion of the issues or marginal relevance. *Id.* at 1435.

 Despite Greenwood's argument, exclusion of Carrico's grand jury testimony on the dates of the hotel stay was not reversible error. In order to be admissible, the proffered evidence must in fact be probative of bias. *See* 3 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 607[03], at 607–25 (1985). The mere fact that Carrico testified erroneously before the grand jury on a collateral matter is not necessary proof of animosity or favoritism toward one side of the case. Her recollections were consistent and accurate on the issues material to this case. Greenwood offered no evidence tending to attribute the erroneous grand jury testimony to personal ill-will, as opposed to mere forgetfulness on a minor detail. We refuse to adopt a rule which would automatically make an otherwise irrelevant misstatement by a witness admissible as probative of bias, and we uphold the district court's exclusion of the evidence in these circumstances.

 The district court also excluded evidence that after Carrico testified, she smiled and gave a "thumbs up" sign to another prosecution witness. The meaning of this gesture is ambiguous, since it could have indicated that the other witness should not be afraid of an intimidating courtroom, that Carrico was relieved because her testimony had gone well and was now over, or that the case was going well for "their side," the prosecution. A strong argument can be made that the gesture was so inherently ambiguous that it had no probative force as to alleged bias.

 Even if we assume that the gesture was sufficiently probative of bias to warrant admission, its exclusion still was

---

**1.** The clarity with which this objection was presented to the district court is questionable. Nevertheless, we believe that the objection was sufficient to preserve the issue for appeal.

not reversible error. Under *Van Arsdall*, 106 S.Ct. at 1438, complete exclusion of bias evidence can constitute harmless error. Given the strength of the case against Greenwood, the other cross-examination of Carrico, and the extremely limited probativeness of the evidence of alleged bias, exclusion of the "thumbs up" evidence was harmless beyond a reasonable doubt. The limitations on cross-examination of Carrico, therefore, do not constitute reversible error.

### V.

█ Finally, Greenwood argues that the rent reimbursement count should not have been submitted to the jury because his misstatement was not material. Greenwood contends that he deserved the $3500.00 reimbursement regardless of whether the money was owed to his brother or to Hitman. This argument is without merit.

A statement is material when it "induce[s] the agency to make a decision whether or not to pay. What makes a statement material is that it is required to put the claimant in a position to receive government benefits, whether rightfully or wrongfully." *United States v. Adler*, 623 F.2d 1287, 1291 (8th Cir.1980); *see also United States v. Lichenstein*, 610 F.2d 1272, 1278–79 (5th Cir.), *cert. denied*, 447 U.S. 907, 100 S.Ct. 2991, 64 L.Ed.2d 856 (1980). A copy of the apartment lease was required to induce the agency to reimburse Greenwood. The lease Greenwood submitted to fulfill that requirement was fabricated. Greenwood's misstatement, therefore, was material as a matter of law. *See United States v. Ivey*, 322 F.2d 523, 529 (4th Cir.1963).

Accordingly, the decision to submit the rent reimbursement count to the jury was correct. Greenwood's other assignments of error, discussed above, are without merit. His convictions are hereby affirmed.

AFFIRMED.