859 F.2d 151
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald L. WESTFALL, Defendant-Appellant.
 No. 87-5688.
 United States Court of Appeals, Fourth Circuit.
 Argued July 8, 1988.
Decided Sept. 13, 1988.
 
 Jay Joseph Levit (Timothy J. Manchin, Manchin, Aloi & Carrick on brief) for appellant.
 Robert H. McWilliams, Assistant United States Attorney (William A. Kolibash, United States Attorney, Betsy C. Steinfeld, Assistant United States Attorney on brief) for appellee.
 Before HARRISON L. WINTER, Chief Judge, and MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Donald L. Westfall, defendant, was convicted in a jury trial of ten counts of defrauding the federal government by knowingly submitting falsely executed time sheets in violation of 18 U.S.C. Sec. 1001 (1976). He appeals contending (a) that his conviction was the product of selective prosecution and the district court abused its discretion in denying him discovery on this issue, (b) that the evidence was insufficient to justify his conviction for ten separate offenses, and (c) that the evidence was insufficient to support a finding that defendant submitted the timesheets with the requisite intent to defraud. We affirm.
 
 I.
 
 2
 Following a long career with the United States Postal Service, defendant was employed as a postmaster in Farmington, West Virginia, since 1982. As a result of Morquio syndrome, a form of dwarfism, defendant's wife suffered serious psychological problems as well as cruel treatment from members of the community. To care for her, defendant, paid on an hourly basis, regularly left work early, submitting time sheets that falsely reflected as work time hours when he was not present and did not work.
 
 
 3
 A postal clerk retrieved two time sheets submitted by defendant, each reflecting five days at eight hours per day. In fact, defendant left two hours early each day, thus working six hours instead of eight. Defendant claims he worked through lunch on these days and, therefore, he may have worked seven hours.
 
 
 4
 Defendant does not refute that the evidence demonstrates that he submitted false time sheets. Instead, he maintains that because leaving work early was common practice in his branch, and because of the problems he experienced as a result of his wife's numerous physical and emotional difficulties, that the prosecution was the product of ill will and was therefore unconstitutional as selective enforcement. In addition, defendant argues that the two time sheets, each reflecting five separate days, do not support his conviction for ten offenses, but rather, at most, only two. Finally, defendant claims that he is not guilty because even though he knowingly submitted false time sheets, he did not intend to defraud the government.
 
 II.
 
 5
 Defendant maintains that the district court erred in denying his motion to dismiss the indictment because of selective prosecution and abused its discretion in refusing to allow discovery on defendant's theory of selective prosecution. Specifically, defendant claims that the prior postmaster in his branch regularly left work early and was never prosecuted.
 
 
 6
 To succeed on the theory of selective prosecution, defendant must prove two elements: (1) that he was singled out for prosecution from members of a similarly situated group, and (2) that his prosecution was "invidious or in bad faith." United States v. Greenwood, 796 F.2d 49, 52 (4 Cir.1986) (quoting United States v. Berrios, 501 F.2d 1207, 1211 (2 Cir.1974)). In this case, it is apparent that even if defendant can successfully prove the first prong, he cannot successfully prove the second. At trial, postal inspector Stan Liszkeweicz testified that the decision to handle this matter in the form of a criminal prosecution rather than in the form of an administrative proceeding was made by the inspector in charge, located in Pittsburgh, Pennsylvania, as a means to deter persons employed in rural post offices, where supervision is more difficult, from engaging in such behavior. Because the decision to prosecute was made by a person in no way directly associated with defendant, and because the reasons given for choosing to prosecute defendant are entirely neutral, we conclude that defendant did not and could not have proved the prosecution was the product of invidious or bad faith. Therefore, because allowing discovery on this issue would, in fact, be to allow defendant to engage in a "fishing expedition," the district court did not abuse its discretion in declining to allow it. See Greenwood, 796 F.2d at 53 (quoting Berrios, 501 F.2d at 1211).
 
 
 7
 Defendant's reliance on Yick Wo v. Hopkins, 118 U.S. 356 (1886), for the proposition that selective enforcement violates his right to equal protection is misplaced. In that case, a local ordinance, though neutral on its face, was discriminatorily applied only to Chinese persons operating laundromats. Here, by contrast, the decision to prosecute itself can be readily justified on a neutral basis.
 
 
 8
 The government correctly maintains that under F.R.Cr.P. 12(f), defendant's failure to object prior to trial to his second claimed error, the multicount indictment, constitutes waiver. United States v. Price, 763 F.2d 640, 643 (4 Cir.1985). Moreover, because each entry would appear to constitute a separate offense, we do not perceive clear error on the part of the district court.
 
 
 9
 Finally, defendant's claim that the legislative history of 18 U.S.C. Sec. 1001 makes clear that the false submission to the government must affect the decisionmaking process of a department of the United States Government is without merit. We flatly rejected that argument in United States v. Norris, 749 F.2d 1116, 1121-22 (4 Cir.1984), cert denied, 471 U.S. 1065 (1985). Defendant's further argument that since he did not know his conduct was illegal, he committed no crime, is also without merit. Defendant knew that the reports were false and submitted them nonetheless. He further knew he would be paid according to the information falsely submitted. He therefore possessed the requisite intent to defraud. Id. at 1122 (knowing or willful submission is adequate to sustain conviction under 18 U.S.C. Sec. 1001).
 
 
 10
 Because we perceive no error, the judgment of conviction is
 
 
 11
 AFFIRMED.