872 F.2d 419
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carla CRAIG, Defendant-Appellant.
 No. 88-5164.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 7, 1989.
Decided March 24, 1989.
 
 Michael Douglas Lorenson, Rice, Douglas & Shingleton, for appellant.
 Thomas Oliver Mucklow, Office of the United States Attorney, for appellee.
 Before DONALD RUSSELL and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Carla Craig was found guilty by a jury of one count of distribution of cocaine within 1000 feet of a public school. See 21 U.S.C. Secs. 841(a)(1) and 845a(a). On appeal, she argues that she is entitled to a new trial because of the improper admission of prejudicial extrinsic acts evidence. We affirm.
 
 
 2
 * Craig was charged with distributing cocaine to Mark Johnson, a government informant, on April 23, 1987, in a house at 414 Southwest Street in Charles Town, West Virginia. The evidence to which Craig objects is testimony from state trooper Tyre and Johnson that showed that Craig was present at the same house on April 22 when Tyre and Johnson attempted, but failed, to purchase cocaine.[1] Craig contends that this evidence tended to show only that she had a criminal predisposition. Thus, the argument goes, the evidence was both irrelevant and overly prejudicial.
 
 
 3
 At the outset, we note that although the disputed evidence did not show that Craig committed any criminal act on April 22, it did tend to impugn her character. This is sufficient to fall within the ambit of Fed.R.Evid. 404(b), United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir.1988). Craig correctly states that Rule 404(b) seeks to prevent the admission of extrinsic acts evidence that only show criminal disposition. See Morgan v. Foretich, 846 F.2d 941, 944 (4th Cir.1988). However, Craig misperceives the nature of the 404(b) constraints--it seeks the inclusion of extrinsic acts evidence unless its lone probative value is to show criminal predisposition of the accused. See Huddleston v. United States, 56 U.S.L.W. 4363 (U.S. May 2, 1988) (No. 87-6); Morgan, 846 F.2d at 944. Thus, it is well established that the purposes stated in the rule[2] are not an exhaustive list of theories of admissibility. See Rawle, 845 F.2d at 1247; United States v. Masters, 622 F.2d 83, 86 (4th Cir.1980). Indeed, the circumstances under which such evidence may be relevant are "infinite." Masters, 622 F.2d at 86.
 
 
 4
 The test for admissibility of extrinsic acts evidence requires a showing that (1) the evidence is relevant to an issue other than the character of the defendant; (2) the evidence is necessary to show an essential part of the crimes charged or to furnish part of the context of the crime; and (3) the evidence is reliable. Rawle, 845 F.2d at 1247. On appeal, we will disturb the district court's determination on these issues only if it was arbitrary or irrational. Id.
 
 
 5
 Applying the above recognized principles, we conclude that the disputed evidence was admitted for a proper purpose. We think the government was entitled to have such evidence admitted to explain why Trooper Tyre did not accompany Johnson to make a purchase on April 23.[3] See n. 1. The disputed evidence showed that Tyre could not return with Johnson because the people in the house suspected (correctly) that he was an undercover police officer. Therefore, this evidence was essential to explain to the jury why the government did not have a witness to corroborate Johnson's testimony regarding the sale of cocaine. Therefore, we conclude that the disputed evidence was relevant, necessary, and reliable.
 
 II
 
 6
 Craig argues alternatively that if the evidence was admitted for a proper purpose, it is also inadmissible because it was unfairly prejudicial. Preliminarily, we note that Craig misstates the applicable rule. Craig contends that "the probative value must substantially outweigh the prejudicial effect." However, the proper standard is that the evidence will be excluded only if the probative value is substantially outweighed by its prejudicial effect. See Morgan, 846 F.2d at 944. See also Fed.R.Evid. 403. In other words, there must be
 
 
 7
 a genuine risk that the emotions of the jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence.
 
 
 8
 Morgan, 846 F.2d at 945, quoting United States v. Masters, 622 F.2d at 87. Moreover, we will defer to the district court's determination in this respect absent an abuse of discretion. See United States v. Greenwood, 796 F.2d 49, 53 (4th Cir.1986); United States v. Ramey, 791 F.2d at 317, 323 (4th Cir.1986).
 
 
 9
 We conclude that the district court did not abuse its broad discretion regarding this issue. We note that the prejudicial impact of the evidence was minimal because it did not show that Craig committed any criminal activity on April 22. Moreover, as discussed earlier, we view the disputed evidence as significant in the context of this case. Furthermore, the trial judge properly gave a sua sponte cautionary instruction regarding the jury's consideration of the disputed evidence, see United States v. Masters, 622 F.2d at 87 n. 13, thereby limiting the prejudicial effect of the evidence. Therefore, we find that the prejudice of the disputed evidence did not substantially outweigh its probative value and was properly admitted.
 
 
 10
 Accordingly, we affirm Craig's conviction. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 None of the five to six people present in the house would sell drugs to Tyre or Johnson because they suspected that Tyre was an undercover officer. However, Johnson returned by himself the next day and bought $100 worth of cocaine from Craig
 
 
 [2]
 Rule 404(b) reads:
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
 
 
 [3]
 The government advanced this theory of admissibility at trial and on appeal