896 F.2d 1368
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William R. ATKINS, Defendant-Appellant.
 No. 89-5647.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Dec. 26, 1989.
Decided: Feb. 9, 1990.
 
 Joseph J. McCarthy, Dawkins, Hanagan, McCarthy & Sengel, P.C., on brief, for appellant.
 Henry E. Hudson, United States Attorney; Liam O'Grady, Assistant United States Attorney, on brief, for appellee.
 Before PHILLIPS and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 William R. Atkins entered a conditional guilty plea to possession of a firearm by a felon in violation of 18 U.S.C. Secs. 922(g), 924 and resisting Alcohol, Tobacco and Firearms agents while in their official duty in violation of 18 U.S.C. Sec. 111. Pursuant to Federal Rule of Criminal Procedure 11(a)(2), Atkins appeals the district court's denial of his motion to dismiss the indictment on the ground of selective prosecution and denial of his motion to suppress. He also appeals the sentence imposed by the district court. We affirm.
 
 
 2
 * William R. Atkins was on bond pending appeal of a conviction for possession of a firearm by a felon when he became the subject of surveillance by the agents. On November 18, 1988, an agent observed Atkins' residence from a van parked across the street. The agent saw what appeared to be the butt of a handgun in Atkins' waistband as Atkins left his home in a car. The agents stopped Atkins on the highway later in the day. Atkins fought as they removed him from his car and handcuffed him. They took a baton from his waistband and a handgun from an ankle holster.
 
 
 3
 Atkins was indicted on four counts. The district court denied Atkins' motions to dismiss the indictment on the ground of selective prosecution and to suppress evidence seized at the arrest. Atkins entered a conditional plea of guilty to counts one and four of the indictment. The district court sentenced Atkins to consecutive sentences of 60 months on count one and 34 months on count four, and three years of supervised release on each count to run concurrently.
 
 II
 
 4
 Atkins assigns error to the court's denial of his motion to dismiss the indictment on the ground of selective prosecution. He contends that the government targeted him for prosecution because of his knowledge and disclosure of information about certain government activities.
 
 
 5
 A successful selective prosecution claim requires a showing that the enforcement was motivated by a discriminatory purpose and had a discriminatory effect. Wayte v. United States, 470 U.S. 598, 607-10 (1984); United States v. Greenwood, 796 F.2d 49, 52-53 (4th Cir.1986). Atkins alleged no specific facts to raise a legitimate claim that others similarly situated to him were not prosecuted and that the government intended to prosecute him because of his exercise of First Amendment rights. The district court properly denied a hearing on this motion and denied the application for subpoenas.
 
 III
 
 6
 Atkins argues that the government did not have probable cause to arrest Atkins after the agents discovered that he had a baton in his waistband instead of a gun. The evidence supports the district court's finding of probable cause. Acting on information from a Secret Service agent that Atkins was posing as a military officer and carrying weapons, an agent placed Atkins' home under surveillance. The agent knew that Atkins was on bond pending appeal of a firearms offense. Using binoculars from a van parked about 100 yards from Atkins' residence, the agent observed what appeared to be a handgun in Atkins' waistband. The agent had substantial grounds, based on direct observation, to believe that Atkins had committed a crime. The subsequent search of Atkins' person was incident to the arrest and was clearly lawful. United States v. Robinson, 414 U.S. 218 (1973).
 
 IV
 
 7
 Under the Federal Sentencing Guidelines, the sentencing range for Atkins' offenses was 24-36 months. The district court upwardly departed from the guidelines to impose a 94 month sentence. In its Statement of Reasons for Sentencing, the court relied primarily on Atkins' potential to commit future crimes to justify the departure. Atkins argues that future dangerousness is an improper basis for departure.
 
 
 8
 In exceptional cases where the guidelines sentencing range does not sufficiently reflect future dangerousness, an upward departure is permissible. Section 4A1.3 of the Sentencing Guidelines states: "A departure under this provision is warranted when the criminal history category significantly under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit future crimes." See United States v. Rodriguez, 882 F.2d 1059, 1065-68 (6th Cir.1989). The court's finding that Atkins was likely to commit future crimes was amply supported by his criminal history, which included convictions in 1980, 1986, and 1987, for offenses involving firearms, and a psychiatric evaluation describing factors that increased his potential for harm to others. The court reasonably determined that a 24-36 month sentence did not adequately account for the threat Atkins posed to others. Accordingly, we affirm the court's upward departure from the guidelines.
 
 
 9
 AFFIRMED.