981 F.2d 1252
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Rodolfo Fernando FERNANDEZ, Defendant-Appellant.
 No. 91-5816.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 23, 1992
Decided: December 21, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Senior District Judge. (CR-90-348-A)
 Shawn Franklin Moore, Roberts & Moore, Washington, D.C., for Appellant.
 Richard Cullen, United States Attorney, Jay Apperson, Assistant United States Attorney, United States Attorney's Office, Alexandria, Virginia, for Appellee.
 E.D.Va.
 Affirmed.
 Before PHILLIPS, Circuit Judge, BUTZNER, Senior Circuit Judge, and STAMP, United States District Judge for the Northern District of West Virginia, sitting by designation.
 BUTZNER, Senior Circuit Judge:
 
 OPINION
 
 1
 Rodolfo Fernandez appeals a judgment entered on the verdict of a jury convicting him of possession with intent to distribute cocaine and conspiracy to distribute and to possess with intent to distribute cocaine and fifty or more grams of crack. Fernandez appeals on two grounds. First, Fernandez contends that the evidence at trial was insufficient to sustain his conviction. Second, he argues that the district court abused its discretion by admitting certain bad act evidence. Concluding that his assignments of error lack merit, we affirm.
 
 
 2
 * The material facts disclose that Fernandez, in the presence of Naikin DeLaCruz, who later testified for the prosecution, counted out nine ounces of crack and put it in a paper bag. Federal agents, who had Fernandez's apartment building under surveillance, saw him carrying something as he left the apartment house accompanied by DeLaCruz. The two men went to DeLaCruz's apartment where DeLaCruz delivered the cocaine to an undercover federal agent in the parking lot and received the purchase price. Fernandez waited in the apartment while the transaction took place. DeLaCruz was to deliver the money to Fernandez, but before he was able to do this, federal agents arrested both men.
 
 II
 
 3
 Fernandez did not testify, but his girlfriend, who was alleged to be a coconspirator, denied that Fernandez had any role in the transaction for which he was arrested. Fernandez argues that the government did not prove that he knowingly entered into the transaction between the seller of the cocaine and the government undercover agent who purchased it. He protests that he falls within the rule that a mere association with a drug dealer does not prove a conspiracy. See, e.g., United States v. Cloughessy, 572 F.2d 190, 191 (9th Cir. 1977).
 
 
 4
 Fernandez also bases his contention of insufficient evidence on the lack of credibility of the government's principal witnesses. Since both witnesses were testifying pursuant to plea agreements and in hopes of leniency, he argues that their testimony is unworthy of belief.
 
 
 5
 Although there was a conflict in the evidence, credibility is an issue for the jury. Viewed in the light most favorable to the prosecution, the evidence was ample to support the verdict. See Glasser v. United States, 315 U.S. 60, 80 (1942). Far from picturing an innocent bystander, the evidence depicts Fernandez as a supplier of drugs accompanying one of his distributors on a sales mission.
 
 III
 
 6
 We turn next to Fernandez's claim that the district court erred by admitting extraneous evidence of previous bad acts. A government witness, who had pled guilty to an unrelated drug violation, testified over objection that four months before Fernandez's arrest Fernandez said he was looking for a man who owed him money for drugs. We review the admission of this evidence under the abuse of discretion standard. United States v. Greenwood, 796 F.2d 49, 53 (4th Cir. 1986).
 
 
 7
 To be admissible, evidence of a defendant's previous bad acts must be relevant to an issue other than the defendant's character. Fed. R. Evid. 404. Extrinsic act evidence may properly be admitted "as proof of motive, opportunity, intent, preparation, plan knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). It must be evidence of conduct similar to the charged offense in order to show relevancy. United States v. Rawle, 845 F.2d 1244, 1247 n.3 (4th Cir. 1988).
 
 
 8
 The extrinsic evidence was relevant because if the jury found that Fernandez accompanied DeLaCruz, who had made prior arrangements with an undercover agent to sell the crack, it could draw a reasonable inference that it was not happenstance or mistake that the two set out together. The evidence tended to show that Fernandez had a motive in carrying the bag of crack and that he knew its contents. United States v. Percy, 765 F.2d 1199, 1203-04 (4th Cir. 1985).
 
 
 9
 Not all relevant evidence is admissible. If the danger of undue prejudice caused by the evidence outweighs its probative value, the court cannot admit it. Fed. R. Evid. 403. Fernandez argues that even if admission of the evidence was proper under Rule 404(b), its prejudicial impact outweighed its probative value. Rule 403 of the Federal Rules of Evidence states that relevant evidence"may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. "The prejudice which [Rule 403] is designed to prevent is jury emotionalism or irrationality." Greenwood, 796 F.2d at 53. A proper limiting instruction can abate the prejudicial impact of extrinsic evidence. United States v. Masters, 622 F.2d 83, 87 (4th Cir. 1980). The judge gave an appropriate instruction designed to diminish the possibility of prejudice. We detect in the record no indication that the jury was swayed by emotion, irrationality, or prejudice. The district court did not act arbitrarily or capriciously when it exercised its discretion to admit evidence that approximately four months before his arrest Fernandez was searching for one of his indebted crack customers.
 
 AFFIRMED