998 F.2d 1010
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
William E. CROOM, Defendant-Appellant.
 No. 92-5890.
 United States Court of Appeals,
Fourth Circuit.
 Argued: June 10, 1993.
July 6, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Senior District Judge. (CR-92-259-A)
 Argued: Leonard Everett Birdsong, Kator, Scott & Heller, Washington, D.C., for Appellant.
 Rita Genetti Calvin, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 On Brief: William S. Aramony, Kator, Scott & Heller, Washington, D.C., for Appellant.
 Kenneth E. Melson, United States Attorney, Alexandria, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before HALL, PHILLIPS, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 William E. Croom appeals his conviction for making false statements and claims, arguing that the district court erred in denying discovery with respect to his selective prosecution claim. Finding no error, we affirm.
 
 I.
 
 2
 Croom, an African-American, is a former foreign service officer with the United States Department of State who falsely claimed to be married. During his brief tenure with State, he filed numerous false and fraudulent documents, including claims for some $12,000 in maintenance allowances, a benefit designed to ease hardships engendered by family separation during assignment. Croom was subsequently indicted on charges of wire fraud in violation of 18 U.S.C. § 1343, false claims against the government in violation of 18 U.S.C. § 287, and false statements in violation of 18 U.S.C. § 1001.
 
 
 3
 Prior to trial, Croom moved the district court to dismiss the indictment on the grounds that it represented a case of selective prosecution or, in the alternative, to order discovery on the issue of selective prosecution. Croom alleges that "voucher fraud" was a common practice among foreign service officers and that discovery of State Department disciplinary records would have revealed that offending caucasian foreign service officers were subjected to administrative discipline only, whereas he was subjected to criminal prosecution.
 
 
 4
 After a hearing, the district court denied both motions, and following a subsequent one-day jury trial Croom was convicted of the false claims and statements charges. Croom appeals his conviction, arguing that the district court abused its discretion in denying discovery.
 
 II.
 
 5
 In order to prevail on a selective prosecution claim, a defendant must show that enforcement against him "had a discriminatory effect and ... was motivated by a discriminatory purpose." Wayte v. United States, 470 U.S. 598, 608 (1985). We have previously held that "[a] 'nonfrivolous showing' of both elements of the claim is sufficient to support a hearing and related discovery on selective prosecution." United States v. Greenwood, 796 F.2d 49, 52 (4th Cir. 1986).
 
 
 6
 Croom has not met that burden here. Indeed, at the hearing on the motion, his counsel candidly admitted that he had no factual basis for his assertion that race was the motivating factor for this prosecution. J.A. at 105. The only evidence Croom cites, an index of recent infractions subjected to administrative discipline only, cannot possibly support his allegation of racial animus, as that index makes no reference to the race of those disciplined.
 
 
 7
 It simply is not enough to assert the "belief," as does Croom, that "given the small number of African American FSO's employed by the State Department (less than five percent) that [those officers who were only administratively disciplined] were white." Appellant's Br. at 14. Such "pure speculation" fails to raise a "legitimate issue of improper governmental conduct." Greenwood, 796 F.2d at 52. (In fact, the index actually indicates to the contrary. Those disciplinary actions cited by Croom involved violations much less serious than his-for example claims of $203, as opposed to his claims for some $12,000.)
 
 
 8
 We are not unmindful that the State Department was in possession of evidence which might have enabled Croom to support his allegation. However, given Croom's concession that he had no basis to believe that race was a motivating factor in this prosecution, we cannot conclude that the district court abused its discretion in refusing to allow discovery in what might properly be called a"fishing expedition."
 
 CONCLUSION
 
 9
 For the reasons set forth above, the judgment of the district court is affirmed.
 
 AFFIRMED