40 F.3d 1245
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Charles KENNEY, Defendant-Appellant.
 No. 93-5413.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 14, 1994.
Decided Nov. 3, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T. S. Ellis, III, District Judge. (CR-92-142-A)
 Charles G. Aschmann, Jr., ASCHMANN & ASCHMANN, Alexandria, VA, for Appellant. Helen F. Fahey, United States Attorney, David A. Ring, Special Assistant United States Attorney, Alexandria, VA, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before MURNAGHAN and NIEMEYER, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 A grand jury indicted John Charles Kenney for robbing the Vista Federal Savings Bank on May 1, 1991, (Count 1); attempting to rob with a handgun the Sovran Bank on May 29, 1991, (Count 2); and robbing with a handgun the Crestar Bank on May 30, 1991, (Count 3); all in violation of 18 U.S.C.A. Sec. 2113(a), (d) (West 1984 & Supp.1994).* The jury convicted Kenney on all counts, and the court sentenced him to a total of 327 months imprisonment, ordered five years of supervised release, and imposed a $150 special assessment. Kenney timely appealed. On appeal, Kenney argues that (i) the Government presented insufficient evidence for a reasonable jury to convict him; (ii) the district court erred in denying his motion for judgment of acquittal under Fed.R.Crim.P. 29; (iii) he was prejudiced by the trial court's questioning of witnesses; and (iv) he was prejudiced by the admission of evidence pursuant to Fed.R.Evid. 404(b). Finding no error, we affirm.
 
 I.
 
 2
 Kenney contends that the Government presented insufficient evidence to identify him as the bank robber. "To sustain a conviction the evidence, when viewed in the light most favorable to the government, must be sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt." United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir.1993); see Jackson v. Virginia, 443 U.S. 307, 319 (1979). We must consider circumstantial and direct evidence and allow the government the benefit of all reasonable inferences from the facts proved to facts sought to be established. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982). If substantial evidence exists to support a verdict, the verdict must be sustained. Glasser v. United States, 315 U.S. 60, 80 (1942).
 
 
 3
 The Government presented direct evidence linking Kenney to the robberies. A document analysis expert identified Kenney's tennis shoes as making the imprint on the paper on the manager's desk during the robbery of the Vista Federal Savings Bank ("Vista"). A fiber expert testified that it was very probable that the shoes had been inside the General Motors ("GM") vehicle, a red Chevrolet Blazer, used in the Sovran Bank ("Sovran") robbery. A Sovran robbery witness described what the Sovran robber wore, and it matched the sweatsuit seized from Kenney's room. Authorities also seized canisters of Phaser, a mace-like product, which were in the Blazer when it was stolen. Kenney had the matching glove to the one found outside Sovran. Finally, Kenney's hat and sunglasses matched those worn by the Crestar Bank ("Crestar") robber.
 
 
 4
 Circumstantial evidence presented at trial disclosed that the witnesses' physical description of the robber described Kenney. His landlord testified that Kenney led a modest lifestyle at first; however, he began to spend large amounts of money on limousines, clothes, and mobile phone bills. The bar manager corroborated the landlord's testimony and added that Kenney spent at least $300 per night three or four nights a week in his bar, gave $100 tips, and bought $1000 worth of clothes at one time. Further, the robberies occurred after Kenney arrived and in close proximity to where he lived and ceased after he left. An FBI agent testified that each robbery occurred after hours, the robber used a GM car stolen in the same manner each time, and the banks robbed were very close together. These circumstances, when viewed by their number and joint operation, are sufficient to convict. See Stamper v. Muncie, 944 F.2d 170, 174 (4th Cir.1991).
 
 
 5
 Finally, the Government presented evidence of Kenney's prior car theft activities to show opportunity and special skill. A Pennsylvania law enforcement officer testified that Kenney admitted to him that GM cars were his favorite to steal, that he liked to steal them by punching the left side of the steering column with a slidehammer or a screwdriver, and that he could steal a car using this technique in eighteen seconds. The officer examined the tools found in the bag in Kenney's room and concluded that they were the same type of tools Kenney had used to steal cars in the past. Taking the evidence in the light most favorable to the Government, we find that a reasonable jury could have found that Kenney committed the Vista, Sovran, and Crestar robberies. Brewer, 1 F.3d at 1437. Therefore, we uphold Kenney's conviction. Glasser, 315 U.S. at 80.
 
 II.
 
 6
 Kenney argues that the district court erred in denying his motion for judgment of acquittal under Fed.R.Crim.P. 29. We review a denial of a motion for acquittal under a sufficiency of evidence standard. Fed.R.Crim.P. 29; see United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir.), cert. denied, 60 U.S.L.W. 3879 (U.S.1992). Because this is the same standard discussed above, we find that the district court did not err in denying Kenney's motion.
 
 III.
 
 7
 Kenny contends that the district court erred in overruling his objections to leading questions and that the district court helped the Government with its case. Because the district court's comments were within the appropriate bounds of judicial propriety and kept the trial moving along efficiently, see United States v. Johnson, 657 F.2d 604, 605-06 (4th Cir.1981), we find no abuse of discretion. Quercia v. United States, 289 U.S. 466, 469-70 (1933).
 
 
 8
 Kenney also asserts that the judge improperly asked questions of Government witnesses. We have stated that "a trial court may ask questions of witnesses to bring out needed facts or [to] clarify the presentation of issues." United States v. Seeright, 978 F.2d 842, 847 (4th Cir.1992) (citing Glasser, 315 U.S. at 82); see Fed.R.Evid. 614(b). We find that the questions asked by the district court clarified issues before the court and, therefore, was not an abuse of discretion. Seeright, 978 F.2d at 847.
 
 IV.
 
 9
 Kenney argues that the district court erred by admitting evidence of his car theft activities under Fed.R.Evid. 404(b). We review a district court's decision to admit evidence of other crimes "by inquiring whether the district court acted in a way that was so 'arbitrary or irrational,' United States v. Rawle, 845 F.2d 1244 (4th Cir.1988), that it can be said to have abused its discretion." United States v. McMillon, 14 F.3d 948, 954 (4th Cir.1994) (citing United States v. Mills, 995 F.2d 480, 485 (4th Cir.), cert. denied, 62 U.S.L.W. 3252 (U.S.1993)).
 
 
 10
 Rule 404(b) of the Federal Rules of Evidence prohibits the admission of evidence of "other crimes" solely to prove a defendant's bad character, but such evidence may be "admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed.R.Evid. 404(b). For such evidence to be admissible under Rule 404(b), it must be necessary, reliable, and relevant to an issue other than character. Rawle, 845 F.2d at 1247. Even if the evidence is relevant under Rule 404(b), it must be more probative than prejudicial. See Fed.R.Evid. 403.
 
 
 11
 In this case, we find that the evidence of Kenney's car theft activities was necessary to prove he had a special skill that identified him as the robber. See United States v. Masters, 622 F.2d 83, 86 (4th Cir.1980). Because Kenney made detailed statements to the Pennsylvania law enforcement officer regarding the type of cars he liked to steal and the method by which he stole them, we find the officer's testimony reliable. See United States v. Cavallino, 498 F.2d 1200, 1206 (5th Cir.1974). Finally, evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Kenney smashed the left side of the steering column of GM cars. The GM cars stolen and recovered near the bank locations were stolen in this manner. Authorities seized a bag of tools from Kenney's apartment that could be used to steal cars. Testimony by the Pennsylvania officer disclosed that Kenney described the same type of tools when he told the officer what kind and how he liked to steal cars. Therefore, we find that the evidence of Kenney's car theft activities is relevant.
 
 
 12
 Even if the other crimes evidence satisfies the Rawle test, it must also be more probative than prejudicial. Rawle, 845 F.2d at 1247. Rule 403 of the Federal Rules of Evidence provides:
 
 
 13
 Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.
 
 
 14
 Fed.R.Evid. 403. The evidence of Kenney's car theft activities was probative because Kenney knew how to steal cars in the manner by which the robber stole them. The evidence would not provoke the jury regarding the bank robbery charges because the other crimes evidence was not so similar that it would unduly prejudice Kenney. See United States v. Greenwood, 796 F.2d 49, 53 (4th Cir.1986). Rather, the evidence helped establish the identity of the robber. To the extent Kenney was prejudiced by the admission of the other crimes evidence, the use of a limiting instruction explaining for what the purpose the evidence was admitted obviated difficulties raised by its admission. United States v. Hernandez, 975 F.2d 1035, 1039 (4th Cir.1992) (citing Masters, 622 F.2d at 87). Therefore, we find that the district court did not abuse its discretion in admitting the Rule 404(b) evidence.
 
 V.
 
 15
 Accordingly, we affirm Kenney's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 The indictment also charged Kenney with two counts of using a firearm in connection with the robberies in violation of 18 U.S.C.A. Sec. 924(c) (West 1976 & Supp.1994). These charges were dismissed