**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 96-4535

MARLON ANDERSON,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 96-4555

MARLESE FLAVIA ANDERSON,
Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CR-95-198-H)

Submitted: June 30, 1997

Decided: October 10, 1997

Before WIDENER and NIEMEYER, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gordon Widenhouse, Assistant Federal Public Defender, Raleigh, North Carolina; Linda Kaye Teal, Cary, North Carolina, for Appellants. Janice McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Cynthia E. Tompkins, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Marlon and Marlese Anderson appeal their convictions for possessing with the intent to distribute, and aiding and abetting the possession with the intent to distribute, cocaine base and marijuana. See 21 U.S.C. § 841(a)(1) (1994); 18 U.S.C. § 2 (1994). They allege error in the district court's denial of their motion to suppress the drugs and in various trial rulings. We affirm.

Briefly, the facts as viewed in the light most favorable to the government were that a North Carolina state trooper stopped the vehicle being driven by Marlese Anderson because it swerved into the trooper's lane of travel and almost collided with the trooper's vehicle on I-85. When the trooper approached the Andersons' vehicle he smelled the odor of burned marijuana coming from the vehicle. The trooper testified that Marlese Anderson gave him oral consent to search the vehicle. The officer called a drug dog to the scene and it alerted to the back of the driver's seat of the car. The troopers dismantled the driver's seat and found a package of wrapped drugs in a cavity of the seat where the springs are located. Two more packages were found in the front passenger's seat which Marlon Anderson occupied. Two other persons were in the rear seats.

2

We review de novo the district court's denial of the Andersons' motion to suppress with respect to the ultimate questions of whether reasonable suspicion for the stop and probable cause for the search existed, and we review the court's findings of historical fact under the clearly erroneous standard. See Ornelas v. United States, 64 U.S.L.W. 4373, 4375-76 (U.S. May 28, 1996) (No. 95-5257); accord United States v. McCraw, 920 F.2d 224, 227 (4th Cir. 1990) (determining probable cause for arrest). The Andersons primarily attack the credibility of the trooper who testified about his stop of the Andersons' vehicle. However, it is the role of the district court to observe witnesses and weigh the credibility of witnesses during pretrial motions to suppress. United States v. Murray, 65 F.3d 1161, 1169 (4th Cir. 1995). We accord deference to these findings. (Id.). We find no error in the conclusions of the magistrate judge and the district court that the reckless operation of the vehicle supplied reasonable suspicion for the stop and that the odor of burned marijuana supplied probable cause for, and Marlese Anderson's consent justified, the warrantless search of the vehicle.

The Andersons next contend that the district court erred by allowing a trooper to testify that the package of drugs hidden within the driver's seat of the vehicle would have made the seat uncomfortable and the seat would have "sat like a board." The district court is given broad discretion in its evidentiary rulings and they are entitled to substantial deference. Murray, 65 F.3d at 1170. The Andersons claim that the trooper did not have personal knowledge about how the seat would feel. The district court did not abuse its discretion because the trooper testified that he observed the seat with the package inside it. Even though he did not actually sit in the seat, we find that the knowledge gained from his personal observation satisfies Fed. R. Evid. 602.

The Andersons also contend that the trial court erred by denying their motion for a new trial. We review that decision for abuse of discretion. United States v. Arrington, 757 F.2d 1484, 1486 (4th Cir. 1985). The basis for their motion was evidence, alleged to be newly discovered, purportedly showing the falsity of the trooper's testimony regarding how the seat would have felt. The district court found that the evidence was not newly discovered and that none of the evidence would have made any difference to a jury. We find no abuse of discretion in the denial of this motion. The trooper's testimony is not

3

properly characterized as false testimony and the evidence was not "newly discovered." See United States v. Bales, 813 F.2d 1289, 1295 (4th Cir. 1987).

Next, Marlese Anderson contends that the district court abused its discretion in admitting evidence of her prior misdemeanor conviction for possession of marijuana. See United States v. Fells, 920 F.2d 1179, 1182 (4th Cir. 1990) (stating standard of review). A Maryland state trooper testified about his stop in February 1993 of a car in which Marlese was a passenger and during which he smelled the odor of burned marijuana coming from the car, discovered marijuana on Marlese's person along with over $2,000 in her pocket, and found over $50,000 in a shoebox hidden in the driver's side door panel of the car. Marlese contends that the admission of the testimony violated Fed. R. Evid. 404(b) and 403.

The trial court instructed the jury to use this evidence only to determine whether the Defendant had the state of mind or intent necessary to commit the crime charged or whether the Defendant committed the acts by accident or mistake. We find that the evidence was relevant to these issues, was necessary due to the lack of other types of evidence against Marlese, and was reliable. Thus, we find no abuse of discretion under Rule 404(b). See United States v. Greenwood, 796 F.2d 49, 53 (4th Cir. 1986). We also find that the testimony was not the type to unduly prejudice Marlese and thus it did not violate Rule 403. See id.

Marlon Anderson asserts error in the district court's denial of his request for a limiting instruction on the testimony of the Maryland trooper referred to above. He asked that the jury be instructed not to consider Marlese's prior conviction against him. We agree with the district court that no clarification was needed following the limiting instruction given above. That instruction, by its reference to "the defendant" and use of the female pronoun, sufficiently limited the jury's consideration of the evidence to Marlese. See United States v. Lewis, 53 F.3d 29, 32 (4th Cir. 1995) (no reversible error if instruction given substantially covers requested instruction). Marlon's name was not mentioned in regard to this traffic stop in Maryland.

Both Appellants next contend that the district court erred in excluding the judgments of conviction for possession with intent to distrib-

ute the drugs found in the Andersons' vehicle, of two people who were arrested with them. The district court excluded the evidence because there were "too many complexities" surrounding the issue, especially when there was testimony that the two persons had been prosecuted for the crime. The court found that the judgments themselves were not necessary and that they were hearsay. The government contends that the evidence was hearsay not saved by the exception of Fed. R. Evid. 803(22). The government also argues that the evidence was cumulative and that Appellants can show no prejudice from its exclusion. Even assuming that the judgments fell within the Rule 803(22) exception and were not hearsay, we find any error in the exclusion of them to be harmless. See Fed. R. Crim. P. 52(a). The jury knew that these two individuals had been prosecuted for the crime. Although being prosecuted is different from being convicted, given that the theory of joint possession of the drugs allows conviction of multiple persons, we find that the jury verdict was surely unattributable to the error, if it was error to exclude the judgments.

Next, Marlese assigns as error the district court's exclusion of a handwritten letter supposedly written for Marlon to Marlese in which he took responsibility for the drugs found in the car and exculpated her. The district court excluded the letter because it was not properly authenticated and was not in Marlon's handwriting. Marlon testified that he could not read and write. Because of this, he could not testify at trial that the letter was actually the letter he had someone else write for him. Counsel for Marlese did succeed in getting Marlon to admit that he told the person who wrote the letter that the drugs belonged to him and that no one else in the car knew anything about the drugs. We find no abuse of discretion in the district court's exclusion of this letter due to it not being properly authenticated. The authentication requirement requires that the party seeking to admit the document demonstrate that the document is in fact what its proponent claims. See Fed. R. Evid. 901(a); United States v. Turpin, 65 F.3d 1207, 1213 (4th Cir. 1995), cert. denied, 64 U.S.L.W. 3640 (U.S. Mar. 25, 1996) (No. 95-7260). No such showing was made here.

Finally, Marlese contends that sufficient evidence does not support her convictions. We disagree. She was driving the car carrying the drugs and there was sufficient evidence for the jury to find that she

5

knew the drugs were present and had the intent to distribute them. <u>See</u> <u>United States v. Rusher</u>, 966 F.2d 868, 878 (4th Cir. 1992).

Accordingly, we affirm the convictions of both Marlese and Marlon Anderson. We deny Appellants' motion for oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>