**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                 No. 97-4645

FRED JULIAN HARVEY,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-97-2)

Submitted: July 31, 1998

Decided: September 11, 1998

Before ERVIN, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gregory J. Ramage, Raleigh, North Carolina, for Appellant. Janice
McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant
United States Attorney, Jane J. Jackson, Assistant United States
Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Fred Julian Harvey was convicted of conspiracy to possess with intent to distribute heroin, cocaine base, and cocaine, as well as two substantive drug charges, in violation of 21 U.S.C.A. §§ 841(a)(1), 846 (West 1981 & Supp. 1998). Harvey appeals his convictions contending that the district court erred in permitting witnesses to testify about drug transactions with Harvey that significantly predated the time period charged in the indictment. He contends that the evidence was more prejudicial than probative and was remote in time. Finding no error, we affirm.

A district court's decision to admit Fed. R. Evid. 404(b) evidence is discretionary and should not be disturbed unless arbitrary and irrational. See United States v. Greenwood, 796 F.2d 49, 53 (4th Cir. 1986). In this case, the court admitted testimony regarding Harvey's prior conduct to illustrate the context of the crime, to show a common plan, and to prove the absence of mistake or accident. The witnesses testified to prior drug transactions they personally conducted with Harvey. This testimony provided the relationships, prior behavior, and motivations that formed the basis for the charged conduct. After a careful review of the record, we find that the court's decision was not an abuse of discretion. See United States v. Rhodes, 779 F.2d 1019, 1031 (4th Cir. 1985); United States v. Heyward, 729 F.2d 297, 301 n.2 (4th Cir. 1984); see also United States v. Simtob, 901 F.2d 799, 807-08 (9th Cir. 1990) (drug convictions over ten years old were more probative than prejudicial regarding issue of predisposition).

It is within the trial court's discretion to balance the potential prejudice to a criminal defendant against the probative nature of any evidence, including Rule 404(b) evidence. Fed. R. Evid. 403. In this case, the court made reasonable efforts to limit any potential prejudice by giving several limiting instructions informing the jury that they

2

should not consider the prior offenses as evidence of the defendant's propensity to commit the crimes charged. Accordingly, the evidence was properly admitted.

We therefore affirm the judgment of the district court. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3