14 F.3d 598
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Calvin SLADE, a/k/a Big Man, Defendant-Appellant.
United States of America, Plaintiff-Appellee,
v.
Calvin Slade, Defendant-Appellant.
 Nos. 92-5154, 93-6309.
 United States Court of Appeals, Fourth Circuit.
 Dec. 9, 1993.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Newport News.
 Calvin Slade, Appellant Pro Se.
 Mark Anthony Exley, Office of the United States Attorney, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before HALL, MURNAGHAN, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Calvin Slade was convicted by a jury of twenty-five forgery counts. In No. 92-5154, he appeals those convictions. While his appeal in this Court was pending, Slade filed a motion in the district court, which the court construed as a motion for new trial under Fed.R.Crim.P. 33. The court denied that motion in part and stayed consideration in part. In No. 93-6309, Slade appeals that order. We have consolidated these cases on appeal and affirm.
 
 
 2
 Slade has filed a lengthy brief in No. 92-5154[1] raising numerous issues. We will address these issues and the appeal in No. 93-6309 in turn. We note that the government did not elect to file a brief contesting any of the issues raised by Slade.[2]
 
 I. "Perjury" Claims
 
 3
 Slade asserts that several witnesses committed perjury at his trial because of various inconsistencies in their testimony. A prosecutor's knowing use of perjured testimony or knowing failure to disclose that testimony used to convict a defendant was false is a violation of due process, and the conviction must be set aside if there is any reasonable likelihood that false testimony could have affected the judgment. United States v. Bagley, 473 U.S. 667, 678 (1985). Slade makes no showing that the government knew any of the testimony was false or that the "true" testimony would have affected the outcome. Thus, Slade's claims of numerous inconsistencies in the testimony of witnesses are meritless.
 
 
 4
 Slade also claims that the prosecutor misrepresented his criminal record. He fails to establish, however, that the prosecutor's assertion was in fact false or that the prosecutor presented evidence with the knowledge that it was false. Slade himself testified that he was uncertain of the extent of his criminal record. Therefore, this claim is meritless.
 
 II. Selective Prosecution
 
 5
 Slade alleges improper, selective, and discriminatory prosecution in that one witness was granted immunity despite overwhelming evidence against him. Slade alleges that the witness was granted immunity because he was in collusion with the postal inspector.
 
 
 6
 To establish selective prosecution, Slade must show both that he was singled out while others similarly situated have not been prosecuted and that the decision to prosecute was invidious or in bad faith, i.e., based on such impermissible considerations as race, religion, or desire to exercise constitutional rights. United States v. Greenwood, 796 F.2d 49 (4th Cir.1986). Slade has not made a sufficient showing in either respect. In addition, a selective prosecution defense is waived where not raised prior to trial under Fed.R.Crim.P. 12(b)(1). United States v. Schmidt, 935 F.2d 1440 (4th Cir.1991). Since Slade did not raise this defense prior to trial, it is waived.
 
 III. Ineffective Assistance of Counsel
 
 7
 Slade makes numerous allegations of ineffective assistance of trial counsel. Normally, such claims should be raised in a 28 U.S.C. Sec. 2255 (1988) motion in the district court, not on direct appeal. A section 2255 proceeding gives the petitioner an opportunity to develop the record supporting his claim and gives counsel an opportunity to explain his actions. United States v. DeFusco, 949 F.2d 114, 120 (4th Cir.1992). The only exception to this rule is where it "conclusively appears" in the trial record that counsel did not provide effective representation. United States v. Fisher, 477 F.2d 300, 302 (4th Cir.1973). None of Slade's ineffective assistance allegations are sufficiently developed to merit review on direct appeal.
 
 IV. Suppression of Exculpatory Evidence
 
 8
 Slade alleges that the prosecution improperly suppressed statements from witnesses who testified against him. Slade claims that he was only given a "partial statement" of certain trial witnesses, which hampered his ability to effectively counter their trial testimony. He does not allege (and the record does not support) any violation by the government of Fed.R.Crim.P. 16(a)(1).
 
 
 9
 Suppression by the prosecution of evidence favorable to the accused violates due process where there is a reasonable probability that the result of the proceeding would have been different had the evidence been disclosed to the defense. United States v. Bagley, 473 U.S. 667 (1985). The Bagley standard applies whether the defense made a specific, general, or no request for disclosure of exculpatory evidence. Id. at 682. A reasonable probability that disclosure would have changed the result requires a probability sufficient to undermine confidence in the outcome. Id. at 682.
 
 
 10
 Slade fails to allege, however, how the witnesses' testimony is exculpatory. Since he has not demonstrated specifically how the evidence is favorable to him, other than it would have been helpful in the preparation of a defense, and since it is unlikely that the result of his trial would have been different had the evidence been disclosed, Slade's claims are meritless.
 
 V. Grand Jury Claims
 
 11
 Slade continues that the prosecutor presented false testimony to obtain an indictment from the grand jury. The prosecutor need not present exculpatory evidence to the grand jury. United States v. Williams, 60 U.S.L.W. 4348 (U.S.1992).
 
 
 12
 Slade also alleges that the prosecutor conspired to withhold grand jury testimony from him until trial despite his requests for it. Grand jury proceedings are secret, and government attorneys or others involved are not to divulge the contents of grand jury proceedings except as provided by the Federal Rules. United States v. Sells Eng'g Inc., 463 U.S. 418 (1983); Fed.R.Crim.P. 6(e)(2). Slade's allegations do not fall under any of the exceptions discussed in Rule 6(e), and therefore, his claims in regard to disclosure of grand jury testimony are meritless.
 
 VI. Identification Procedures
 
 13
 Slade alleges that his due process rights were violated by suggestive photo identifications. Slade enumerates in his appellate brief references to attached exhibits which he asserts indicate suggestive identification procedures. He alleges that the witnesses' identification of him was unduly suggestive because their identification was based on being shown just one photograph. Slade does not disclose the source of these exhibits; they were not entered as evidence at trial. Each is identified as a "Transcript of Statement" to a postal inspector but there is no indication of the context of the alleged statements or even if they were in fact given by the named witnesses. Though the statements state that they were "duly sworn," they are incomplete and bear no signatures. Slade speculates that his identity might have been confused with another Calvin Slade, who allegedly resembles Appellant, and who also stole checks.
 
 
 14
 Slade concedes on appeal, and the trial transcript confirms, that Slade did not object at trial to any of the identifications he now challenges. Slade's failure to object forfeits his right to raise this issue on direct appeal. United States v. Olano, 61 U.S.L.W. 4421 (U.S.1993). Slade is only entitled to review for plain error if he can show that the improper identifications would have affected the outcome and that they seriously affected the fairness and integrity of the proceedings against him. Id. Given the highly speculative nature of Slade's belated appellate assertions, there is no indication that the outcome would have been any different. Accordingly, Slade has forfeited this issue. Olano, supra.
 
 
 15
 Moreover, even if he had properly preserved this issue for appellate review, it is meritless. Assuming arguendo that the identifications were unduly suggestive, Slade cannot prevail because he cannot show a "very substantial likelihood of misidentification." Simmons v. United States, 390 U.S. 377, 384 (1968). Contrary to Slade's claims, the record shows that the witnesses had ample opportunity to view him and were certain in their identifications. Thus, there is no basis to believe the identifications are unreliable. Manson v. Brathwaite, 432 U.S. 98, 114-17 (1977).
 
 VII. Jury Issues
 
 16
 Slade alleges that the jurors in his case were selected in an "intentionally discriminatory fashion, resulting in a substantial underrepresentation of a recognizable class." He notes that there were thirty-six individuals in the jury panel and only three were black. Thus, he claims the jury did not reflect a proper cross-section of his community.
 
 
 17
 To establish a prima facie fair-cross-section violation, the defendant must show that under-representation of a distinctive community group on venires is due to the systematic exclusion in the jury-selection process. Duren v. Missouri, 439 U.S. 357, 363-64 (1979); United States v. Espinoza, 641 F.2d 153, 168 (4th Cir.), cert. denied, 454 U.S. 841 (1981). Slade has not made such a showing. In addition, the Constitution does not require that the juror selection process be a statistical mirror of the community; it is sufficient that the selection be in terms of "fair cross-section" gathered without active discrimination. United States v. Cecil, 836 F.2d 1431 (4th Cir.) (en banc) (use of voter registration lists as source for juror selection permissible, even where Hispanics are under-represented on the list, so long as there has been no affirmative discrimination in registration), cert. denied, 487 U.S. 1205 (1988). Slade fails to make any showing that there was active discrimination in selecting his jury pool.
 
 
 18
 Slade also argues that the prosecutor struck the"one and only black juror for no reason." He speculates that the juror was struck because of "prejudicial bias." A prosecutor's use of peremptory challenges to exclude jurors solely on racial grounds violates equal protection rights of the jurors and the defendant. Batson v. Kentucky, 476 U.S. 79 (1986). Slade can establish a prima facie case by showing that members of a cognizable racial group were excluded from his jury and that the facts and circumstances raise an inference that the exclusion was based on race. Id. at 95-97. A bare allegation that the prosecutor struck black veniremen, by itself, is insufficient. Nickerson v. Lee, 971 F.2d 1125, (4th Cir.1992), cert. denied, 61 U.S.L.W. 3582 (U.S. 1993). Slade's conclusory allegations do not state a prima facie Batson violation.
 
 
 19
 Slade complains that the jurors were never asked on voir dire about any prior experiences they had with stolen government checks and money orders. As previously noted, Slade's claims of ineffective assistance in this respect should be raised in a section 2255 motion.
 
 
 20
 Slade alleges that "the prosecution under the direction of [the] U.S. Attorney [ ] issued a prejudicial news paper [sic] article ... implicating the defendant ... with these guilty co-defendants in a check cashing scheme." He complains that his attorney should have asked prospective jurors about the article on voir dire. Slade submitted the article as an exhibit with his informal brief.
 
 
 21
 In cases where pretrial publicity or other external events raise a strong possibility of juror bias, pretrial publicity complained of and its impact must be explored through adequate voir dire of jurors. Wells v. Murray, 831 F.2d 468 (4th Cir.1987). On this record, it is questionable whether the lone article to which Slade refers raises "a strong possibility of juror bias." Slade should raise this claim in the context of ineffective assistance in a section 2255 motion.
 
 VIII. Sentencing Issues
 
 22
 Slade raises numerous issues in regard to the sentencing phase of his trial. Since Slade's offenses all occurred after November 1, 1987, the Sentencing Guidelines apply to his case. A detailed pre-sentence report was prepared prior to Slade's sentencing hearing.
 
 
 23
 Initially, we note that Slade did not object at trial to the errors he now asserts on appeal. Failure to object to sentencing errors at the sentencing hearing forfeits the right to appellate review. United States v. Davis, 954 F.2d 182 (4th Cir.1992). However, Slade is entitled to relief on direct appeal if the asserted errors amount to "plain error." Fed.R.Crim.P. 52(b). We use the plain error exception "sparingly" and only to correct "particularly egregious errors." United States v. Frady, 456 U.S. 152, 163 (1982). Slade's contentions do not amount to plain error.
 
 
 24
 Moreover, even if we were to review the merits of his sentencing contentions on appeal, Slade would not get relief. Slade first challenges the court's upward departure. We review departures under the standards announced in United States v. Summers, 893 F.2d 63 (4th Cir.1990). We note that a departure based on the understatement of a defendant's criminal history is a recognized basis for departure. Id. at 67.
 
 
 25
 We review the district court's finding that there was such an understatement in a particular case only for clear error. Id. Slade contends that the prosecution misrepresented his criminal record and that the district court's departure was based on erroneous information. The district court heard evidence from Slade's state parole officer and the probation officer who prepared the pre-sentence report. We find that the district court did not clearly err in relying on the evidence presented at the sentencing hearing.[3] Furthermore, we find no abuse of discretion in the court's decision that Slade's criminal history warranted departure.
 
 
 26
 Finally, we review the extent of the departure. Slade's sentencing range was calculated at 41-51 months. The district court sentenced Slade to sixty months. Although the district court did not have the benefit of our decision in United States v. Cash, 983 F.2d 558 (4th Cir.1992), we find that the court properly departed nine months above the stated range based on consideration of the fact that Slade's criminal history, if calculated separately, would total thirty points. This criminal history score would place Slade in a range well above the sixty months imposed. Accordingly, the extent of the departure is proper.
 
 
 27
 Slade next alleges that his state parole officer, committed perjury at his sentencing hearing. Slade disputes the amount of restitution he owes and his performance while on parole. He notes inconsistencies in the officer's testimony. Slade also points out inconsistencies in the testimony of Elvin Battle and post office inspector Banks. Based on the sentencing hearing testimony, the district court's findings on these matters are not clearly erroneous.
 
 
 28
 Slade alleges that the court did not state its reasons for the upward departure. We find that the court's written order identifying the seriousness of Slade's criminal history and the sophistication of the scheme is sufficient. See United States v. Rusher, 966 F.2d 868 (4th Cir.1992).
 
 
 29
 Slade alleges that the prosecutor engaged in misconduct in even requesting an upward departure without determining if it was "well grounded in fact." Since adequate evidence was presented at Slade's sentencing hearing (subject to his cross-examination) that supported the upward departure, this claim is meritless.
 
 IX. Bias of Trial Judge
 
 30
 Slade alleges that the presiding trial judge exhibited bias and partiality because he presided over either the arraignments and/or trials of eleven of fourteen co-defendants. Slade alleges that the judge permitted the prosecutor to introduce "prejudicial testimony" and to ask questions that were "impermissibly suggestive to the jury," and also made improper comments.
 
 
 31
 Alleged bias must stem from an extrajudicial source. Shaw v. Martin, 733 F.2d 304 (4th Cir.), cert. denied, 469 U.S. 873 (1984). Bias must be personal, not judicial. United States v. Carmichael, 726 F.2d 158 (4th Cir.1984). At best, Slade has alleged claims of judicial bias, not personal bias. Thus, these claims are meritless.
 
 X. Sufficiency of the Evidence
 
 32
 Slade alleges that "absent the perjurous [sic] testimony of these prosecution witnesses the government has failed to prove the defendant participated in any of these offenses beyond a reasonable doubt." Slade maintains that the evidence was insufficient to support the guilty verdicts.
 
 
 33
 In evaluating the sufficiency of the evidence to support a conviction, the relevant question is whether, viewing the evidence in the light most favorable to the government, any rational trier of facts could have found the defendant guilty beyond a reasonable doubt. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982). A verdict must be sustained if there is substantial evidence, taking the view most favorable to the government, to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). This Court must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established. Tresvant, 677 F.2d at 1021. This Court does not weigh evidence or review credibility of witnesses in resolving issues of substantial evidence. United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989). Circumstantial evidence need not exclude every reasonable hypothesis of innocence. United States v. Jackson, 863 F.2d 1168, 1173 (4th Cir.1989).
 
 
 34
 Construing the evidence presented in the light most favorable to the government, it amply supported Slade's jury convictions. Testimony presented at Slade's trial disclosed that he engaged in a scheme to steal checks from post office boxes and to forge their endorsements and utter the checks with the assistance of a number of recruited individuals. Testimony also disclosed that Slade often assisted these individuals in obtaining bogus identification cards in the name of various payees to enable them to cash the checks.
 
 XI. No. 93-6309
 
 35
 In this appeal, Slade appeals from a district court order that construed his motion under Fed.R.Civ.P. 60 as a motion for a new trial under Fed.R.Crim.P. 33 and stayed the motion in part and denied the motion in part. In the same order, the court denied Slade's request for punitive damages against various participants in his criminal trial. We affirm that order in all respects based on the reasoning of the district court.
 
 
 36
 For the above reasons, we affirm Slade's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the record and argument would not aid the disposition of this appeal.[4]
 
 AFFIRMED
 
 
 [1]
 We grant Slade's "Motion for Extension of Brief."
 
 
 [2]
 We deny Slade's "Motion for Default Judgment."
 
 
 [3]
 The court properly found that although many of Slade's offenses were related for purposes of calculating his guideline range, they were properly considered separately for purposes of departure. See United States v. Hines, 943 F.2d 348 (4th Cir.), cert. denied, 60 U.S.L.W. 3405 (U.S.1991)
 
 
 [4]
 We deny Slade's motions for production of documents, his request that the district court judge be recused "from any prior and future proceedings," and his motion to require the United States Attorney to show cause why one count of his indictment was dismissed